**IAFD**
MALCOLM P. LAVERGNE, ESQ.
Nevada Bar No. 10121
THE LAVERGNE LAW GROUP
320 East Charleston Boulevard, Suite 203
Las Vegas, Nevada 89104
702.448.7981 / 702.966.3117 (Facsimile)
Attorney for Plaintiff

FILED

2009 JUL 30 P 4: 58

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| | |
|---|---|
| MARK BERNSTEIN, an Individual, | Case No. |
| | Dept. |
| Plaintiffs, | |
| vs. | A09 596386-C |
| | 1Y |
| NOTEWORLD, LLC, a Foreign Limited Liability Company; SALVADOR RODRIGUEZ, an Individual; DOES I – X, Inclusive; and ROE Corporations I – X, Inclusive, | |
| Defendants. | |

**INITIAL APPEARANCE FEE DISCLOSURE (NRS CHAPTER 19)**

Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are

submitted for parties appearing in the above entitled action as indicated below:

Plaintiff- Mark Bernstein                              ☑ $250.00

☐ Total of Continuation Sheet Attached

TOTAL REMITTED: (Required)                        $250.00

DATED this _30_ day of ___July___, 2009.

A – 09 – 596386 – C
290837

MALCOLM P. LAVERGNE, ESQ.
Nevada Bar No. 10121
Attorneys for Plaintiff

JUL 30 2009

ORIGINAL

COMP
MALCOLM P. LaVERGNE, ESQ.
Nevada Bar No. 10121
THE LaVERGNE LAW GROUP
320 East Charleston Boulevard, Suite 203
Las Vegas, Nevada 89104
702.448.7981 / 702.966.3117 (Facsimile)
Attorney for Plaintiff

FILED

2009 JUL 30 P 4:58

DISTRICT COURT
CLARK COUNTY, NEVADA

Case No. A09596386-C
Dept. IX

MARK BERNSTEIN, an Individual,

        Plaintiffs,

vs.

NOTEWORLD, LLC, a Foreign Limited Liability
Company; SALVADOR RODRIGUEZ, an
Individual; DOES I – X, Inclusive; and ROE
Corporations I – X, Inclusive,

        Defendants.

Exempt From Arbitration
(Title to Real Estate)

A – 09 – 596386 – C
290836

## COMPLAINT TO QUIET TITLE TO REAL PROPERTY

COMES NOW, Plaintiff MARK BERNSTEIN ("Plaintiff" or "Bernstein"), by and through his attorney MALCOLM P. LaVERGNE, of THE LaVERGNE LAW GROUP, and for his Complaint to Quiet Title to real Property against Defendants, alleges the following:

1.      At all relevant times, Plaintiff MARK BERNSTEIN was and is a resident of the State of Nevada, County of Clark, and is the owner in fee simple of the property located at 2517 East Tonopah Avenue, Las Vegas, Nevada 89030 ("Tonopah Property").

2.      At all relevant times, Defendant NOTEWORLD, LLC was and is a Foreign Limited Liability Company doing business in the State of Nevada, County of Clark.

///
///

3.    At all relevant times, Defendant SALVADOR RODRIGUEZ was and is a resident of Santa Barbara, California and lives at 1004 Cima Linda Lane, Santa Barbara, California, 93108.

4.    Upon information and belief, Defendants DOES I – X are individuals or entities involved in the conduct alleged herein; that Plaintiff has been unable to ascertain the identities of these individuals or entities and, therefore, sues them under fictitious names; that when their true identities are known, Plaintiff will expeditiously seek leave to amend the Complaint with the true identities.

5.    Upon information and belief, Defendants ROE Corporations I – X are involved in the conduct alleged herein; that Plaintiff has been unable to ascertain the identities of these corporations and, therefore, sues them under fictitious names; that when their true identities are known, Plaintiff will expeditiously seek leave to amend the Complaint with the true identities.

6.    On or around July 1, 1980 Plaintiff became the owner in fee simple of the Tonopah Property.

7.    On or around July 1, 1980, Plaintiff secured a note by deed of trust with Sycamore Properties in the amount of $9,140.98.

8.    On or around July 1, 1980, Plaintiff additionally secured a note by deed of trust with Sycamore Properties in the amount of $4,600.00.

9.    In or around 2001, Sycamore Properties became a defunct company in the State of Nevada.

10.   On or around June 22, 1994, the deeds of trust related to both notes passed to Defendant Salvador Rodriguez.

11.   The notes on the Tonopah Property are serviced by Defendant Noteworld.

*Bernstein v. Noteworld LLC, et. al. – Complaint - 2*

12.   The note for $9,140.98 is known to Defendant Noteworld as Account No. 300020095001053.

13.   The note for $4,600 is known to Defendant Noteworld as Account No. 300020095001054.

14.   In or around 2004, Plaintiff became sole owner of the Tonopah Property.

15.   In around April 2008, Plaintiff completed his payments and was paid in full on both notes, Account No. 300020095001053 and Account No. 300020095001054.

16.   Mr. Bernstein made his payments to Defendant Noteworld rigorously and on-time throughout the history of the note payments.

17.   In or around 2008, Defendant Noteworld began sending Plaintiff notices of late fees that dates back to January 10, 2000.

18.   Defendant Noteworld never informed Plaintiff his payments were allegedly late and that late fees were accruing from on or around January 10, 2000 to the present until in or around 2008.

FIRST CAUSE OF ACTION
(Quiet Title Pursuant to NRS 40.010)

19.   Plaintiff   repeats and re-alleges each and every allegation contained in paragraphs "1" through "18" as if fully set forth herein.  Plaintiff further alleges:

20.   Plaintiff has been the owner in fee simple of the Tonopah Property since on or around July 1, 1980.

21.   On or around July 1, 1980, Plaintiff secured a note by deed of trust with Sycamore Properties in the amount of $9,140.98.

22.   On or around July 1, 1980, Plaintiff additionally secured a note by deed of trust with Sycamore Properties in the amount of $4,600.00.

23.    In around April 2008, Plaintiff completed his payments and was paid in full on both notes.

24.    Plaintiff requests that the titles to both real properties are resolved by this court through a trial on the merits, pursuant to NRS 40.010.

25.    Plaintiff has been required to retain an attorney to represent him for this action, and, therefore, Plaintiff is entitled to his reasonable attorney's fees from Defendants.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

1.    That the Court determine the adverse claims of the properties pursuant to NRS 40.010;

2.    That the Defendants pay Plaintiffs' reasonable attorney's fees; and

3.    For any such further additional relief as the Court may deem just and proper.

Dated this 30 day of _____July_____, 2009.

MALCOLM P. LAVERGNE, ESQ.
Nevada Bar No. 10121
THE LaVERGNE LAW GROUP
320 East Charleston Boulevard, Suite 203
Las Vegas, Nevada 89104
702.448.7981 / 702.966.3117 (Facsimile)
Attorneys for Plaintiff

**VERIFICATION**

STATE OF NEVADA    )
                   )   ss:
COUNTY OF CLARK    )

    MARK BERNSTEIN, under the penalties of perjury, being first duly sworn, deposes and says:

    That I am an individual Plaintiff in this action; that I have read the foregoing Complaint, and I know the contents thereof; that the same is true of my own knowledge, except for those matters therein contained stated upon information and belief, and as to those matters, I believe them to be true.

    I declare under the penalty of perjury that the foregoing is true and correct.

    EXECUTED this **30**ᵗʰ day of July, 2009.

                      MARK BERNSTEIN

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

ORIGINAL

**AFFT**
MALCOLM P. LaVERGNE, ESQ.
Nevada Bar No. 10121
**THE LaVERGNE LAW GROUP**
320 East Charleston Boulevard, Suite 203
Las Vegas, Nevada 89104
702.448.7981 / 702.966.3117 (Facsimile)
Attorney for Plaintiff

DISTRICT COURT
CLARK COUNTY, NEVADA

MARK BERNSTEIN, an Individual,      )    Case No.    A-09-596386-C
                                    )    Dept.       9
                Plaintiffs,         )
                                    )
        vs.                         )
                                    )    A-09-596386-C
NOTEWORLD, LLC, a Foreign Limited Liability )  443096
Company; SALVADOR RODRIGUEZ, an     )
Individual; DOES I – X, Inclusive; and ROE )
Corporations I – X, Inclusive,      )
                                    )
                Defendants.         )
-----------------------------------------------

**AFFIDAVIT OF SERVICE**

STATE OF _WASHINGTON_ )
                      )  ss:
COUNTY OF _PIERCE_    )

1.    _KLAUS G. ELLIOTT_ being duly sworn, says: That at all times herein,
affiant was and is a citizen of the United States, over 18 years of age, not a party to, nor
interested in, the proceeding in which this affidavit is made.

2.    That affiant received one copy of the Summons and Complaint on the _28th_
day of _SEPTEMBER_ 2009.

///

///

///

*Bernstein v. Noteworld LLC, et. al. – Affidavit of Service - 1*

3.     That on the _29_ day of _SEPTEMBER_, 2009, I served the aforementioned documents on Noteworld, LLC, by delivering and leaving a copy of the documents with _LAW OFFICES OF_ _JAMES KRUEGER_, who is authorized to accept service on behalf of Noteworld, LLC, at 1001 Pacific Avenue, #200, Tacoma, Washington 98402.

4.     I declare under the penalty of perjury that that foregoing is true and correct.

Executed this _1st_ day of _OCTOBER_____, 2009.


_____
PROCESS SERVER

# ORIGINAL

**SUMM**
MALCOLM P. LaVERGNE, ESQ.
Nevada Bar No. 10121
THE LaVERGNE LAW GROUP
320 East Charleston Boulevard, Suite 203
Las Vegas, Nevada 89104
702.448.7981 / 702.966.3117 (Facsimile)
Attorney for Plaintiff

## DISTRICT COURT
## CLARK COUNTY, NEVADA

MARK BERNSTEIN, an Individual,          )    Case No.
                                        )    Dept.
                    Plaintiffs,         )
                                        )    A09 596386 C
            vs.                         )    1 X
                                        )
NOTEWORLD, LLC, a Foreign Limited Liability )  **SUMMONS**
Company; SALVADOR RODRIGUEZ, an         )    A - 09 - 596386 - C
Individual; DOES I – X, Inclusive; and ROE  )  443098
Corporations I – X,  Inclusive,         )
                                        )
                    Defendants.         )

**NOTICE!  YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN TWENTY (20) DAYS.  READ THE INFORMATION BELOW.**

**TO DEFENDANT NOTEWORLD, LLC:** A civil complaint has been filed by the Plaintiff against you for the relief set forth in the complaint.

1.   If you intend to defend this lawsuit, within twenty (20) days after this Summons is served on you, exclusive of the day of service, you must do the following:
   a.   File with the Clerk of this Court a formal written response to the Complaint in accordance with the rules of this Court;
   b.   Serve a copy of your response upon the attorney whose name and address is shown above.
2.   Unless you respond, your default will be entered upon application of the Plaintiff and this Court may enter a judgment against you for the relief demanded in the complaint, which could result in the taking of money or property or other relief requested in the complaint.
3.   If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

Issued at the direction of:                Clerk of the Court
MALCOLM P. LaVERGNE, ESQ.                  200 South 3rd Street, Las Vegas, NV 89155

                                                                 JUL 3 0 2009

                                   By:
_____                    _____
Attorney for Plaintiff                     Deputy Clerk            Date
                                           TERRI STRINGER

*Bernstein v. Noteworld LLC, et. al. – Summons - 1*

# ● ORIGINAL ●

**IAFD**
David B. Sanders, Esq. (7895)
Huong X. Lam, Esq. (10916)
THE COOPER CASTLE LAW FIRM, LLP
820 S. Valley View Blvd.
Las Vegas, Nevada 89107
(702) 435-4175 Telephone
(702) 877-7424 Facsimile
E-Mail: HLam@CCFirm.com
*Attorneys for Defendant*
*Noteworld, LLC*

**FILED**
**OCT 2 0 2009**
CLERK OF COURT

## DISTRICT COURT
## CLARK COUNTY, NEVADA

MARK BERNSTEIN, an Individual )
)
      Plaintiff, )   Case No. A-09-596386-C
)
  vs. )   Dept. No. IX
)
NOTEWORLD, LLC, a Foreign Limited )
Liability Company; SALVADOR )   **INITIAL APPEARANCE FEE**
RODRIGUEZ, an Individual; DOES I – X, )   **DISCLOSURE**
Inclusive; and ROE Corporations I – X, )
Inclusive, )
)
      Defendants. )
)
)
)

Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for

parties appearing in the above-entitled action as indicated below:

    NOTEWORLD, LLC                 $270.00

    Total Remitted:                   $270.00

DATED this _19_ day of October, 2009.

                  THE COOPER CASTLE LAW FIRM, LLP

                  David B. Sanders, Esq. (7895)
                  Huong X. Lam, Esq. (10916)
                  820 S. Valley View Boulevard
                  Las Vegas, NV 89107
                  (702) 435-4175 Telephone
                  *Attorneys for Defendant*
                  *Noteworld, LLC*

THE COOPER CASTLE LAW FIRM, LLP
820 South Valley View Blvd. Las Vegas, Nevada 89107
Phone (702) 435-4175 o Fax (702) 877-7424

**RECEIVED**
OCT 2 0 2009
CLERK OF THE COURT

A – 09 – 596386 – C
472142

– 1 –

ORIGINAL

**0056**
1  David B. Sanders, Esq.
   Nevada State Bar No. 7895
2  Huong X. Lam, Esq.
   Nevada State Bar No. 10916
3  THE COOPER CASTLE LAW FIRM, LLP
   820 S. Valley View Blvd.
4  Las Vegas, Nevada  89107
   (702) 435-4175 Telephone
5  (702) 877-7424 Facsimile
   E-Mail: HLam@CCFirm.com
6  *Attorneys for Defendant*
   *Noteworld, LLC*

FILED
OCT 2 0 2009
CLERK OF COURT

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

7

8  MARK BERNSTEIN, an Individual          )
                                          )
9              Plaintiff,                 )    Case No. A-09-596386-C
                                          )
10     vs.                                )    Dept. No. IX
                                          )
11  NOTEWORLD, LLC,  a Foreign Limited    )    Date: November 24, 2009
    Liability Company; SALVADOR           )    Time: 9:00 a.m.
12  RODRIGUEZ, an Individual; DOES I – X, )
    Inclusive; and ROE Corporations I – X,)
13  Inclusive,                            )
                                          )    A – 09 – 596386 – C
14             Defendants.                )    472150
                                          )
15  _____  )

16               **DEFENDANT NOTEWORLD, LLC'S MOTION TO DISMISS**
                 **OR IN THE ALTERNATIVE; MOTION FOR SUMMARY JUDGMENT**

17          COMES NOW Defendants, NOTEWORLD, LLC (hereinafter "Noteworld") by and

18  through its counsel of record, THE COOPER CASTLE LAW FIRM, LLP, and hereby moves

19  this Court pursuant to NRCP 12(b)(5) for an Order Dismissing With Prejudice each and every

20  cause of action alleged against Defendant or in the alternative, for summary judgment pursuant

21  to NRCP 56.

22          This Motion is made and based upon the attached Memorandum of Points and

    Authorities, the pleadings and papers on file herein, and any argument of counsel the court may

    consider at the hearing of this Motion.

RECEIVED
OCT 2 0 2009
CLERK OF THE COURT

- 1 -

THE COOPER CASTLE LAW FIRM, LLP
820 South Valley View Blvd. Las Vegas, Nevada 89107
Phone (702) 435-4175 o Fax (702) 877-7424

1    **NOTICE OF MOTION**

2    TO: ALL PARTIES OF INTEREST

3    PLEASE TAKE NOTICE that on the **24th day of November, 2009, at the hour of**

4    **9:00 a.m., in Department 9,** or as soon thereafter as counsel may be heard, the undersigned

5    will bring the foregoing Motion for hearing before the above-referenced Court.

6    Dated this *19* day of October, 2009.

7

8                                                    THE COOPER CASTLE LAW FIRM, LLP

9                                                    David B. Sanders, Esq.
                                                     Nevada State Bar No. 7895

10                                                   Huong X. Lam, Esq.
                                                     Nevada State Bar No. 10916

11                                                   820 S. Valley View Boulevard
                                                     Las Vegas, NV 89107

12                                                   (702) 435-4175 Telephone
                                                     *Attorneys for Defendant*

13                                                   *Noteworld, LLC*

14    **POINTS AND AUTHORITIES**

15    A.    **Brief Summary**

16        This matter deals with real property located in Las Vegas, Nevada, commonly known as

17    2517 E. Tonopah Ave., N. Las Vegas, NV 89030, APN 139-24-410-005 (hereinafter the

18    "Property"). The Property was purchased on or about July 1, 1980 by Plaintiff MARK

19    BERNSTEIN ("Plaintiff" or "Bernstein") and his then wife, Karen Bernstein from Sycamore

20    Properties. (See Exhibit A). The Note on the loan was secured by first and second Deeds of

21    Trusts, dated July 1, 1980, executed by Bernstein and his then wife, Karen Bernstein. (See

22    Exhibit B). The first and second Deeds of Trusts were recorded on July 9, 1980 as Instrument

23    No. 1209825 in Book 1250, and Instrument No. 1209826 in Book 1250 in the Official Records

24    in the County Recorder's Office of Clark County, Nevada. (See Exhibit C).

THE COOPER CASTLE LAW FIRM, LLP
820 South Valley View Blvd. Las Vegas, Nevada 89107
Phone (702) 435-4175 o Fax (702) 877-7424

THE COOPER CASTLE LAW FIRM, LLP
820 South Valley View Blvd. Las Vegas, Nevada 89107
Phone (702) 435-4175 o Fax (702) 877-7424

1    On or about June 13, 1994, the first and second Deeds of Trusts were assigned to

2    Salvador Rodriguez.  The Assignments of the first and second Deeds of Trusts were recorded

3    on June 22, 1994 at Instrument No. 199406220001554 and Instrument No. 199406220001555.

4    (See Exhibit D).   On or about July 30, 2009, Bernstein filed the instant lawsuit for Quiet Title

5    pursuant to NRS 40.010.  Upon service of the Complaint, Noteworld contacted counsel for

6    Bernstein and requested voluntary dismissal from the case because Noteworld "makes no claim

7    to possession – in full or in part – to the properties at issue."  (See Exhibit E).  Despite this

8    request, Noteworld was not dismissed from this case and as a consequence, has had to retain

9    counsel and incur fees and costs to defend this matter.

10   **B.      Legal Standard for A Motion to Dismiss**

11         Plaintiff Bernstein's Complaint failed to state a cause of action upon which relief may

12   be granted.  NRCP 12(b)(5) states that a complaint may be dismissed for failure to state a

13   claim.  In the case of *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d

14   90, 96 (1974), the Court stated that "when a court reviews the sufficiency of a complaint the

15   issue is whether the claimant is entitled to offer evidence to support the claims."   The sole

16   issue is whether the allegations set forth a claim for relief.  *Vacation Village, Inc. v. Hitachi*

17   *America, Ltd.,* 110 Nev. 481, 484, 874 P.2d 744, 746 (1994).  Dismissal is proper if it appears

18   beyond a doubt that the non-moving party could prove no set of facts, which if accepted by the

19   trier of fact, would entitle him or her to relief.  *Simpson v. Mars Inc.*, 113 Nev. 188, 190, 929

20   P.2d 966, 967 (1997); *see also Zalk-Josephs Co. v. Wells-Cargo, Inc.,*, 81 Nev. 163, 400 P.2d

21   621 (1965).  Even bearing in mind that the burden on the movant bringing a motion to dismiss

22   is high, it is still proper in the instant case.

23         Pursuant to NRCP 12(b), this motion to dismiss shall be treated as one for summary

24   judgment and disposed of as provided in Rule 56 because extrinsic evidence is attached.

1    NRCP 56(c) provides in pertinent part as follows:

2    Motion and proceedings thereon. The motion shall be served
     at least 10 days before the time fixed for the hearing. The
3    judgment sought shall be rendered forthwith if the pleadings,
     depositions, answers to interrogatories, and admissions on file,
4    together with the affidavits, if any, show that there is no
     genuine issue as to any material fact and that the moving party
5    is entitled to a judgment as a matter of law....

6    Nevada Rule of Civil Procedure 56(c) establishes that summary judgment is appropriate

7    when the pleadings and evidence demonstrate no genuine material issue remains to be decided,

8    and the moving party is entitled to judgment as a matter of law. *Tucker v. Action Equip. &*

9    *Scaffold Co.*, 113 Nev. 1349, 1353, 951 P.2d 1027, 1029 (1997).

10       The Supreme Court of Nevada articulated that the disfavored and now defunct

11   "slightest doubt" standard in Nevada is a departure from the clear language as well as the spirit

12   and intent of Rule 56(c). *Wood v. Safeway, Inc.*, 121 P.2d 1026 (2005).   Rather, the summary

13   judgment standard is derived from the well-established trinity of federal cases. *See Celotex v.*

14   *Caltrett*, 477 U.S. 317, 323 (1986) ("mandates the entry of summary judgment, after adequate

15   time for discovery and upon motion, against a party who fails to make a showing sufficient to

16   establish the existence of an element essential to that party's case, and on which that party will

17   bear the burden of proof at trial"); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)

18   (opposition to a motion for summary judgment must be supported by specific facts, not bald

19   assertions or denials); and *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,

20   587 (1985) ("where the record taken as a whole could not lead a rational trier of fact to find for

21   the non-moving party, there is no 'genuine issue for trial'").

22       As a practical matter, Nevada law will not allow the opposing party to make a case "on

23   gossamer threads of whimsy, speculation and conjecture." *Pegasus v. Reno Newspapers, Inc.*,

24   118 Nev. 706, 713-14, 57 P.3d 82, 87 (2002) (quoting *Posadas v. City of Reno*, 109 Nev. 448,

THE COOPER CASTLE LAW FIRM, LLP
820 South Valley View Blvd. Las Vegas, Nevada 89107
Phone (702) 435-4175 o Fax (702) 877-7424

- 4 -

1    452, 851 P.2d 438, 442 (1993)).  Furthermore, summary judgment may be entered when one of

2    the *prima facie* elements is "clearly lacking as a matter of law."  *Doud v. Las Vegas Hilton*

3    *Corporation*, 109 Nev. 1096, 864 P.2d 796 (1993).

4            Here for the reasons set forth below, a reasonable finder of fact could not return a

5    verdict in favor of Bernstein.  Noteworld was merely the servicer of the loan and makes no

6    claim to title to the property.  As such, Noteworld is entitled to a dismissal with prejudice or

7    alternatively, summary judgment on Bernstein's Quiet Title claim as a matter of law.

**C.    Plaintiff Bernstein's Cause of Action for Quiet Title is Foundationally Flawed and Fails to State a Valid Claim Upon Which Relief Can Be Granted.**

10    Nevada Revised Statute 40.010 sets forth the standard whereby actions may be brought

11    against adverse claimants to determine conflicting claims to real property.  NRS 40.010

12    provides that "[a]n action may be brought by any person against another who claims an estate

13    or interest in real property, adverse to him, for the purpose of determining such adverse claim."

14            In this case, Noteworld makes no claim to possession or interest to the Property.  While

15    Noteworld disputes the assertions that Bernstein made timely payments or had completed

16    payment under the terms of the first and second Deeds of Trusts, Bernstein's **quiet title** action

17    against Noteworld is simply erroneous.  Dismissal with prejudice is proper because Bernstein

18    cannot prove any set of facts, which even if accepted by this Court, would entitle him to relief

19    for quiet title against Noteworld.

20            Additionally, summary judgment is appropriate in this matter because the pleadings and

21    evidence demonstrate no genuine material issue remains to be decided.  Noteworld is entitled

22    to judgment as a matter of law.  *Tucker* at 1349, 1029.  Bernstein is merely attempting to make

23    a case "on gossamer threads of whimsy, speculation and conjecture." *Pegasus v. Reno*

24

THE COOPER CASTLE LAW FIRM, LLP
820 South Valley View Blvd. Las Vegas, Nevada 89107
Phone (702) 435-4175 o Fax (702) 877-7424

1 | *Newspapers, Inc.,* 118 Nev. 706, 713-14, 57 P.3d 82, 87 (2002) (quoting *Posadas v. City of*

2 | *Reno,* 109 Nev. 448, 452, 851 P.2d 438, 442 (1993)).

3 | **D.    Conclusion**

4 | Based on the foregoing, Defendant Noteworld respectfully requests this Court to

5 | dismiss with prejudice Plaintiff Bernstein's claim for quiet title pursuant to NRCP 12(b)(5), or

6 | alternatively, grant summary judgment in favor of Defendant Noteworld on Plaintiff's claim.  It

7 | is further requested that Defendant be awarded attorneys' fees and costs for having to defend

8 | this case and to submit this motion.

9 | DATED this _19_ day of October, 2009.

10 | THE COOPER CASTLE LAW FIRM, LLP

11 |

12 | David B. Sanders, Esq.

13 | Nevada State Bar No. 7895
Huong X. Lam, Esq.
Nevada State Bar No. 10916

14 | 820 S. Valley View Boulevard
Las Vegas, NV 89107

15 | (702) 435-4175 Telephone
*Attorneys for Defendant*

16 | *Noteworld, LLC*

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

*Left margin (vertical):* THE COOPER CASTLE LAW FIRM, LLP
820 South Valley View Blvd. Las Vegas, Nevada 89107
Phone (702) 435-4175 o Fax (702) 877-7424

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of THE COOPER CASTLE LAW FIRM, LLP, and that on the ___10ᵗʰ___ day of October, 2009, I served a true and correct copy of the DEFENDANT NOTEWORLD, LLC'S MOTION TO DISMISS OR IN THE ALTERNATIVE; MOTION FOR SUMMARY JUDGMENT via First Class US Mail, postage prepaid to the parties listed below.

Malcolm P. LaVergne, Esq.
The LaVegerne Law Group
320 East Charleston Blvd., Suite 203
Las Vegas, NV 89104

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

An employee of
THE COOPER CASTLE LAW FIRM, LLP

THE COOPER CASTLE LAW FIRM, LLP
820 South Valley View Blvd. Las Vegas, Nevada 89107
Phone (702) 435-4175 ○ Fax (702) 877-7424

- 7 -

# Exhibit "A"

# Exhibit "A"

1209824

R.P.T.T. $250

# GRANT, BARGAIN, SALE DEED

**THIS INDENTURE WITNESSETH: That** SYCAMORE PROPERTIES, a Partnership

**FOR A VALUABLE CONSIDERATION, the receipt of which is hereby acknowledged, do hereby Grant, Bargain,**

**Sell and Convey to** MARK G. BERNSTEIN AND KARIN BERNSTEIN, husband and wife as joint tenants

all that real property situated in the _____ County of ____ CLARK

State of Nevada, bounded and described as follows:

Lot Five (5) in Block One (1) of COLLEGE PARK NO. 3, as shown by map thereof on file in Book 4 of Plats, page 49, in the Office of the County Recorder of Clark County, Nevada.

SUBJECT TO:   1.   Taxes for the fiscal year 1979-1980.

2.   Reservations, restrictions and conditions, if any; rights of way and easements, either of record or actually existing on said premises.

3.   Deed of Trust of record.

Together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining.

Witness ___ his ___ hand ___ this __13th__ day of _____ June _____ 1980.

SYCAMORE PROPERTIES, a Partnership
BY: _Louis Wheeler_
Louis Wheeler

STATE OF NEVADA }
COUNTY OF ___ CLARK ___ } SS.

On __7/2/80__
personally appeared before me, a Notary Public,
LOUIE WARNARS

who acknowledged that ___ he ___ executed the above instrument.

Signature _____ (Notary Public)

(Notarial Seal)

ESCROW NO. )   8006-60LR
ORDER NO. )
WHEN RECORDED MAIL TO:   MARK & KARIN BERNSTEIN
c/o 1300 S. Jones, Suite 101, L.V., NV 89102

NOTARY PUBLIC
STATE OF NEVADA
County of Clark
LESLIE K. EMMERICH
My Appointment Expires Aug. 15, 1983

CLARK COUNTY NEVADA
JOAN L. SAYRE, RECORDER
RECORDED AT THE REQUEST OF
LAND TITLE OF NEVADA
JUL 9   9 55 AM '80

FEE __3rd__ DEPUTY ____
OFFICIAL RECORDS
BOOK   INSTRUMENT

**1250**   **1209824**

# Exhibit "B"

# Exhibit "B"

DO NOT DESTROY THIS NOTE: When paid, this note with Deed of Trust securing same, *** be surrendered to Trustee for cancellation before reconveyance will be made.

## Note Secured by Deed of Trust

### STRAIGHT NOTE

No. ..........

$ 9,140.98 ..........  Las Vegas .......... Nevada, .......... July 1, .......... 19.80.

ALL DUE AND PAYABLE ON OR BEFORE SEPTEMBER 1, 1983 .......... after date, for

value received, undersigned promise to pay to.... SYCAMORE PROPERTIES, a Partnership, ..........

.......... or order, at

LAS VEGAS, NEVADA, ON AS DIRECTED .......... the sum of ..........

NINE THOUSAND ONE HUNDRED FORTY AND 98/100 .......... DOLLARS,

with interest from.... July 9, 1980. ..........until paid, at the rate of.... TWELVE .......... 12% .......... per cent per

annum, payable, monthly beginning September 1, 1980 and continuing until September 1, 1983
at which time the balance of principal and interest shall be paid. Principal and interest shall be paid.
payments of any principal or interest or in the performance of any obligation contained in the Deed of Trust by which
this note is secured, the whole sum of principal and interest shall become immediately due at the option of the holder
hereof. Principal and interest payable in lawful money of the United States. If action be instituted on this note I
enforce any obligation secured by such Deed of Trust, undersigned promise to pay such sum as the Court may fix as
attorney's fees in said action. This note is secured by a DEED OF TRUST, of even date herewith, to HERITAGE
TITLE AND ESCROW, Trustee. In the event any payment is more than 15 days late, a late charge
penalty of $10.00 shall be paid. In the event the Trustor Beneficiary herein named shall sell or convey
his interest in and to the real property for this note, then in
that event payment of this note shall be
accelerated and the entire balance of
principal and interest shall become
immediately due and payable at the option
of the Beneficiary.

MARK C. BERNSTEIN

THIS COPY SHOP—51

# Note Secured by Deed of Trust

### STRAIGHT NOTE

**DO NOT DESTROY THIS NOTE:** When paid, this note, with Deed of Trust securing same, must be surrendered to Trustee for cancellation before reconveyance will be made.

No. _____

$ 4,609.00 _____ Las Vegas _____ Nevada, _____ July 1 _____ 19 80

ALL DUE AND PAYABLE ON OR BEFORE SEPTEMBER 1, 1983 _____ after date, for

value received, undersigned promise to pay to _____ SYCAMORE PROPERTIES, a Partnership, _____ or order, at

_____ LAS VEGAS, NEVADA, OR AS DIRECTED _____ the sum of

_____ FOUR THOUSAND SIX HUNDRED AND NO/100 _____ DOLLARS,

with interest from _____ July 9, 1980 _____ until paid, at the rate of _____ TEN _____ 10% _____ per cent per

annum, payable _____ monthly beginning September 1, 1980 and continuing until September 1, 1981

at which time the entire principal and interest shall then become due and payable. Should default be made in

payment of any principal or interest or in the performance of any obligation contained in the Deed of Trust by which

this note is secured, the whole sum of principal and interest shall become immediately due at the option of the holder

hereof. Principal and interest payable in lawful money of the United States. If action be instituted on this note, I

enforce any obligation secured by such Deed of Trust, undersigned promise to pay such sum as the Court may fix as

attorney's fees in said action. This note is secured by a DEED OF TRUST, of even date herewith, to HERITAGE

TITLE AND ESCROW, Trustee. In the event any payment is more than 15 days late, a late charge

penalty of $10.00 shall be paid. In the event any payment is more than 15 days late, a late charge

his interest in and to the real property, then, in that

given as security for this note, then in that

event payment of this note shall be accelerated,

and the entire balance of principal and interest

shall become immediately due and payable at the

option of the Beneficiary.

KAREN C. BERNSTEIN

_____ (signature) _____

THIS COPY ONLY—51

# Exhibit "C"

# Exhibit "C"

BOOK 1250                                                    1209825

THIS DEED OF TRUST, made this ___1st___ day of ___July___ 19 80

between ___MARK G. BERNSTEIN AND KARIN BERNSTEIN, husband and wife___

_____ herein called GRANTOR or TRUSTOR,

whose mailing address is _____

HERITAGE TITLE AND ESCROW, a NEVADA corporation, herein called Trustee, and

SYCAMORE PROPERTIES, a Partnership

_____ herein called BENEFICIARY,

WITNESSETH THAT WHEREAS Trustor has borrowed and received from Beneficiary in lawful money of the United States the sum of
FOUR THOUSAND SIX HUNDRED AND NO/100---------------($4,600.00)---------------DOLLARS,
and has agreed to repay the same with interest, to Beneficiary in lawful money of the United States according to the terms of a promissory note of even date's hereunto executed and delivered therefor by Trustor;

NOW THEREFORE for the purpose of securing each agreement of the Trustor herein contained including payment of the said promissory note and of any money which in any or future impose that may be advanced by or otherwise become due to Trustee or Beneficiary under the provisions hereof and for the defense of securing payment of such add itional sums as may hereafter be advanced for the account of Trustor by Beneficiary with interest thereon. TRUSTOR irrevocably GRANTS and TRANSFERS TO TRUSTEE, in TRUST WITH POWER OF SALE, all that property in ___CLARK___ County, hereto described as:

Lot Five (5) in Block One (1) of COLLEGE PARK NO. 3, as shown by map thereof on file in Book 4 of Plats, page 49, in the Office of the County Recorder of Clark County, Nevada.

In the event the Grantor herein named shall sell or convey his interest in and to the real property herein described, then in that event payment of the Note secured hereby shall be accelerated and the entire balance of principal and interest shall become immediately due and payable at the option of the Beneficiary.

TOGETHER WITH all appurtenances in which Trustor has any interest, including water rights benefiting said realty whether represented by shares of a company or otherwise, and

TRUSTOR ALSO ASSIGNS to Beneficiary all rents, issues and profits of said realty, reserving the right to collect and use the same except during continuance of some default hereunder and during continuance of such default, authorizing Beneficiary to collect and enforce the same by any lawful means in the name of any party hereto

TO HAVE AND TO HOLD said property upon and subject to the trusts and agreements herein set forth and incorporated herein by reference. The following covenants, Nos. 1, 2, 3, 4, 5, 6, 7, 8 and 9 of NRS 107.030 are hereby adopted and made a part of this deed of trust, EXCEPT ONLY that the amounts agreed upon by the parts to this instrument with respect to covenants Nos. 2, 4 and 7 incorporated by reference of such trusts and agreements is respectively as follows. Covenant No. 2, $_____ Covenant No 4. _____% Covenant No. 7. _____. Such provisions as incorporated shall have the same force and effect as though specifically set forth and incorporated verbatim in this deed of trust.

THE UNDERSIGNED TRUSTOR REQUESTS that a copy of any notice of default and any notice of sale hereunder be mailed to him at the address hereinbefore set forth.

IN WITNESS WHEREOF, Grantor has executed this instrument.

_____          Signature of Trustor:
MARK G. BERNSTEIN                          _____
                                           KARIN BERNSTEIN

STATE OF NEVADA,
COUNTY OF ___CLARK___
On this ___9th___ day of ___July___ 19 80
personally appeared before me, a Notary Public in and for said County, MARK G. BERNSTEIN & KARIN BERNSTEIN

known to me to be the person described in and who executed the foregoing instrument, who acknowledged to me that ___he___ executed the same freely and voluntarily and for the uses and purposes herein mentioned.
WITNESS my hand and official seal.

_____
Notary Public in and for said County and State.

(If executed by a corporation the corporation form of acknowledgment must be used.)
(NOTARIAL SEAL)

NOTARY PUBLIC
STATE OF NEVADA
County of Clark
LESLIE R. EMMERICH
My Appointment Expires Aug. 18, 1983

THE COPY SHOP—11

Order No. ___8006-60LR___          When Recorded, Mail to
                                    Land Title

CLARK COUNTY NEVADA
JOAN L SW___
RECORDED ___
LAND TITLE OF NEVADA
JUL 9  9 55 AM '80
FEE ___3N___ DEPUTY ___
OFFICIAL RECORDS
BOOK        INSTRUMENT
1250
1209825

**BOOK** 1250

1 2 0 9 8 2 6

THIS DEED OF TRUST, made this ___1st___ day of _____ July _____ 19 80

between___ MARK G. BERNSTEIN AND KARIN BERNSTEIN, husband and wife ___

_____ herein called GRANTOR or TRUSTOR,

whose mailing address is _____

HERITAGE TITLE AND ESCROW, a NEVADA corporation, herein called Trustee, and

SYCAMORE PROPERTIES, a Partnership

_____ herein called BENEFICIARY.

WITNESSETH THAT WHEREAS Trustor has borrowed and received from Beneficiary in lawful money of the United States the sum of

NINE THOUSAND ONE HUNDRED FORTY AND 98/100----------------($9,140.98)---------------------- DOLLARS,

and has agreed to repay the same with interest, to Beneficiary in lawful money of the United States according to the terms of a promissory note of even
date herewith, executed and delivered therefor by Trustor;

NOW THEREFORE for the purpose of securing such repayment of the Trustor herein contained including payment of the said promissory note
and of any money with interest thereon that may be advanced by or otherwise become due to Trustee or Beneficiary under the provisions hereof and for
the purpose of securing payment of such additional sums as may hereafter be advanced for the account of Trustor by Beneficiary with interest thereon,

TRUSTOR irrevocably GRANTS and TRANSFERS to TRUSTEE, in TRUST WITH POWER OF SALE, all that property in _____ CLARK _____ County,
Nevada described as:

Lot Five (5) in Block One (1) of COLLEGE PARK NO. 3, as shown by map thereof on file in
Book 4 of Plats, page 49, in the Office of the County Recorder of Clark County, Nevada.

In the event the Grantor herein named shall sell or convey his interest in and to the real
property herein described, then in that event payment of the Note secured hereby shall be
accelerated and the entire balance of principal and interest shall become immediately due
and payable at the option of the Beneficiary.

TOGETHER WITH all appurtenances; in which Trustor has any interest, including water rights benefiting said realty whether represented by shares of a
company or otherwise; and

TRUSTOR ALSO ASSIGNS to Beneficiary all rents, issues and profits of said realty, reserving the right to collect and use the same except during continuance
of some default hereunder and during continuance of such default, authorizing Beneficiary to collect and enforce the same by any lawful means in the name
of any party hereto.

TO HAVE AND TO HOLD said property upon and subject to the trusts and agreement herein set forth and incorporated herein by reference. The following
covenants, Nos. 1, 2, 3, 4, 5, 6, 7, 8 and 9 of NRS 107.030 are hereby adopted and made a part of this deed of trust, EXCEPT ONLY that the amounts agreed upon
by the parties to this instrument with respect to covenants Nos. 3, 4 and 7 incorporated by reference of both trusts and agreements is respectively as follows:
Covenant No. 3, $_____; Covenant No. 4, $_____%; Covenant No. 7, $_____%. Such provisions so incorporated shall
have the same force and effect as though specifically set forth and incorporated verbatim in this deed of trust.

THE UNDERSIGNED TRUSTOR REQUESTS that a copy of any notice of default and any notice of sale hereunder be mailed to him at the address hereinbefore
set forth.

IN WITNESS WHEREOF, Grantor has executed this instrument.

_Mark G. Bernstein_ (signature)

MARK G. BERNSTEIN

Signature of Trustor

_Karin Bernstein_ (signature)

KARIN BERNSTEIN

STATE OF NEVADA,
COUNTY OF ___CLARK___ } ss.

On this ___ day of ___ July ___ 19___

personally appeared before me, a Notary Public in and for said
County, ___ MARK G. BERNSTEIN AND KARIN BERNSTEIN ___

known to me to be the person described in and who executed the foregoing
instrument, who acknowledged to me that ___ executed the same freely
and voluntarily and for the uses and purposes herein mentioned.
WITNESS my hand and official seal.

_Leslie K. Emmerich_ (signature)

Notary Public in and for said County and State.
(If executed by a corporation the corporation form of acknowledgment must
be used.)
(NOTARIAL SEAL)

**NOTARY PUBLIC
STATE OF NEVADA
County of Clark
LESLIE K. EMMERICH**
My Appointment Expires Aug. 30, 1983

THE COPY SHOP—11

Order No. _____

When Recorded, Mail to

LAND TITLE
PO BOX 303
L. V. NEV.

CLARK COUNTY NEVADA
JOAN L. SWIFT RECORDER
RECORDED AT REQUEST OF
LAND TITLE OF NEVADA
JUL 9  9 55 AM '80
FEE 3.00  DEPUTY
OFFICIAL RECORDS
BOOK      INSTRUMENT
**1250**  1209826

# Exhibit "D"

# Exhibit "D"

RECORDING REQUESTED BY

**9 4 0 6   2 2 0 1 5 5 4**

AND WHEN RECORDED MAIL TO

NAME ⌐HILL & SANDFORD
ADDRESS 800 PRESIDIO AVE
CITY & STATE SANTA BARBARA CA 93101 ⌐

—— SPACE ABOVE THIS LINE FOR RECORDER'S USE ——

# Assignment of Deed of Trust

L-83

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to **Salvador Rodriguez, a married man**

all beneficial interest under that certain Deed of Trust dated   **July 1, 1980**
executed by   **Mark G. Bernstein and Karin Bernstein**

, Trustor
to **Heritage Title and Escrow**                                                                                                                , Trustee,
and recorded as Instrument No.   **1209825**          on **July 9, 1980**                      in book   **1250**
page          , of Official Records in the County Recorder's office of   **Clark County, Nevada**   ~~County~~,
~~California~~, describing land therein as:
Lot Five (5) in Block One (1) of COLLEGE PARK NO. 3, as shown by map thereof on
file in Book 4 of Plats, page 49, in the Office of the County Recorder of Clark County,
Nevada.

**RECORDER'S MEMO**
**POSSIBLE POOR RECORD DUE TO**
**QUALITY OF ORIGINAL DOCUMENT**

TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust.

Dated   **June 13, 1994**

STATE OF CALIFORNIA
COUNTY OF                              } SS.

On this the _____ day of _____ 19 ___ before me,
the undersigned, a Notary Public in and for said County and State,
personally appeared _____
_____ , personally known to me or
proved to me on the basis of satisfactory evidence to be the person(s)
whose name(s) subscribed to the within instrument and acknow-
ledged that _____ executed the same.

_____

_____

Title Order No. _____   Escrow No. _____

**CASA CARRILLO PROPERTIES, a Partnership**

By: _Salvador Rodriguez_
      Salvador Rodriguez, General Partner

Witness: _Marcia Gehringer_
                MARCIA GEHRINGER

FOR NOTARY SEAL OR STAMP

## SUBSCRIBING-WITNESS CERTIFICATE ("WITNESS JURAT")

State of ___California___

County of ___Santa Barbara___

On this the ___16th___ day of ___June___ 19__94__, before me, the undersigned

Notary Public, personally appeared ___Marcia Gehringer___

☐ **personally known to me** ─ OR ─ ☐ proved to me on the oath/affirmation of

<small>NAME OF SUBSCRIBING WITNESS</small>

<small>NAME OF PERSON (CREDIBLE WITNESS) WHO IDENTIFIES SUBSCRIBING WITNESS</small> who is personally known to me,

to be the person whose name is subscribed to the within instrument as a witness thereto, who, being by me duly sworn, deposes and says that ___she___ (he/she) was present and saw

___Salvador Rodriguez___

<small>NAME OF ABSENT PRINCIPAL SIGNER</small>

the same person described in and whose name is subscribed to the within and annexed instrument as a party thereto, execute the same, and that said affiant subscribed ___her___ (his/her) name to the within instrument as a witness at the request of ___Salvador Rodriguez___

<small>NAME OF PRINCIPAL SIGNER (AFFIANT)</small>

**OFFICIAL SEAL**
Michael L. Sandford
NOTARY PUBLIC - CALIFORNIA
SANTA BARBARA COUNTY
My Comm. Expires Aug. 21, 1996

<small>SIGNATURE OF NOTARY</small>

════ **OPTIONAL** ════

Though the data below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent reattachment of this form.

### CAPACITY CLAIMED BY SIGNER (PRINCIPAL)

☐ INDIVIDUAL
☐ CORPORATE OFFICER

_____
<small>TITLE(S)</small>

☒ PARTNER(S)  ☐ LIMITED  ☒ GENERAL

☐ ATTORNEY-IN-FACT
☐ TRUSTEE(S)
☐ GUARDIAN/CONSERVATOR
☐ OTHER: _____

ABSENT SIGNER (PRINCIPAL) IS REPRESENTING:
<small>NAME OF PERSON(S) OR ENTITY(IES)</small>
___CASA CARILLO PROPERTIES___

### DESCRIPTION OF ATTACHED DOCUMENT

___ASSIGNMENT OF DEED OF TRUST___
<small>TITLE OR TYPE OF DOCUMENT</small>

___ONE___
<small>NUMBER OF PAGES</small>

___6-13-94___
<small>DATE OF DOCUMENT</small>

___none___
<small>SIGNER(S) OTHER THAN NAMED ABOVE</small>

©1993 NATIONAL NOTARY ASSOCIATION • 8236 Remmet Ave., P.O. Box 7184 • Canoga Park, CA 91309-7184

CLARK COUNTY, NEVADA
JOAN L. SWIFT, RECORDER
RECORDED AT REQUEST OF:
HILL & SANDFORD
06-22-94    15:31    KAK        3
OFFICIAL RECORDS
BOOK: 940622    INST: 01554
FEE:    9.00    RPT:        .00

RECORDING REQUESTED BY

9 4 0 6 2 2 0 1 5 5 5



AND WHEN RECORDED MAIL TO

NAME  HILL & SANDFORD
ADDRESS  800 @ PRESIDIO AVE
CITY &
STATE  SANTA BARBARA CA 93101

SPACE ABOVE THIS LINE FOR RECORDER'S USE

L-82

# Assignment of Deed of Trust

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to Salvador Rodriguez, a married man

all beneficial interest under that certain Deed of Trust dated   July 1, 1980
executed by Mark G. Bernstein and Karin Bernstein

, Trustor,

to  Heritage Title and Escrow , Trustee,
and recorded as Instrument No. 1209826         on July 9, 1980               in book 1250 ,
page         , of Official Records in the County Recorder's office of Clark County, Nevada         County,
xxSxSSxxxxx describing land therein as:
Lot Five (5) in Block One (1) of COLLEGE PARK NO. 3, as shown by map thereof on-
file in Book 4 of Plats, page 49, in the Office of the County Recorder of Clark County,
Nevada.

**RECORDER'S MEMO**
**POSSIBLE POOR RECORD DUE TO**
**QUALITY OF ORIGINAL DOCUMENT**

TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust.

Dated   June 13, 1994

STATE OF CALIFORNIA
COUNTY OF_____ } SS.
On this the _____ day of _____ 19___ before me,
the undersigned, a Notary Public in and for said County and State,
personally appeared _____
_____
_____ personally known to me or
proved to me on the basis of satisfactory evidence to be the person(s)
whose name(s) subscribed to the within instrument and acknow-
ledged that _____ executed the same.

CASA/CARRILLO PROPERTIES, A Partnership
By_____
Salvador Rodriguez, General Partner

Witness  Marcia Gehringer
MARCIA GEHRINGER

FOR NOTARY SEAL OR STAMP

Title Order No._____   Escrow No._____

**SUBSCRIBING WITNESS CERTIFICATE ("WITNESS JURAT")**    No 5905

State of __California__

County of __Santa Barbara__

On this the __16th__ day of __June__ 19 __94__, before me, the undersigned Notary Public, personally appeared__Marcia Gehringer__

NAME OF SUBSCRIBING WITNESS

☒ personally known to me - OR - ☐ proved to me on the oath/affirmation of _____, who is personally known to me,

NAME OF PERSON (CREDIBLE WITNESS) WHO IDENTIFIES SUBSCRIBING WITNESS

to be the person whose name is subscribed to the within instrument as a witness thereto, who, being by me duly sworn, deposes and says that __she__ (he/she) was present and saw

__Salvador Rodriguez__

NAME OF ABSENT PRINCIPAL SIGNER

the same person described in and whose name is subscribed to the within and annexed instrument as a party thereto, execute the same, and that said affiant subscribed __her__ (his/her) name to the within instrument as a witness at the request of

__Salvador Rodriguez__

NAME OF PRINCIPAL SIGNER (ABOVE)

OFFICIAL SEAL
Michael L. Sandford
NOTARY PUBLIC - CALIFORNIA
SANTA BARBARA COUNTY
My Comm. Expires Aug 21, 1995

SIGNATURE OF NOTARY

═══════════ **OPTIONAL** ═══════════

Though the data below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent reattachment of this form.

**CAPACITY CLAIMED BY SIGNER (PRINCIPAL)**

☐ INDIVIDUAL
☒ CORPORATE OFFICER

TITLE(S)

☒ PARTNER(S)    ☐ LIMITED    ☒ GENERAL
☐ ATTORNEY-IN-FACT
☐ TRUSTEE(S)
☐ GUARDIAN/CONSERVATOR
☐ OTHER: _____

**ABSENT SIGNER (PRINCIPAL) IS REPRESENTING:**

NAME OF PERSON(S) OR ENTITY(IES)

_CASA CARRILLO PROPERTIES_

**DESCRIPTION OF ATTACHED DOCUMENT**

_ASSIGNMENT OF DEED OF TRUST_

TITLE OR TYPE OF DOCUMENT

_ONE_

NUMBER OF PAGES

_6-13-94_

DATE OF DOCUMENT

_none_

SIGNER(S) OTHER THAN NAMED ABOVE

©1993 NATIONAL NOTARY ASSOCIATION • 8236 Remmet Ave., P.O. Box 7184 • Canoga Park, CA 91309-7184

CLARK COUNTY, NEVADA
JOAN L. SWIFT, RECORDER
RECORDED AT REQUEST OF:
HILL & SANDFORD

06-22-94  15:22   KAK        3
                  OFFICIAL RECORDS
BOOK:  940622   INST:  01555
FEE:     9.00   RPTT:        .00

# Exhibit "E"

# Exhibit "E"

# ● NoteWorld ●
## Servicing Center

October 9, 2009

VIA FACSIMILE AND MAIL

Mr. Malcolm P. LaVergne, Esq.
The LaVergne Law Group
320 East Charleston Boulevard, Suite 203
Las Vegas, Nevada 89104

Re:  Mark Bernstein v. NoteWorld, LLC, *et al.* (Case No. A09596386-C)

Dear Mr. LaVergne:

I am in receipt of the Summons and Complaint filed in the District Court Clark County,
Nevada, Case No. A09596386-C by your client, Mr. Mark Bernstein.

After reviewing the allegations and claims for relief set forth in the Complaint, I was
somewhat perplexed; most notably, by the allegations contained in Paragraph 15.
Contrary to the allegations set forth therein, our records reflect that Mr. Bernstein has not
"completed his payments" or "paid in full" either note (Account No. 300020095001054
or Account No. 300020095001053).  In fact, he continued to make regular monthly
payments for the entire period of April 2008 through July 2009 on both accounts.  The
last payments received from Mr. Bernstein were recorded on July 27, 2009.

As an initial matter, NoteWorld makes no claim to possession – in full or in part – to the
properties at issue.  Therefore, your client's quiet title claim against NoteWorld is
erroneous.  Second, because your client has not satisfied the terms of either note by
rendering payment in full, his quiet title action is generally faulty.  As of July 27, 2009,
the principal balancing remaining on Account No. 300020095001054 is approximately
$8,728.80 and the principal balance remaining on Account No. 300020095001053 is
approximately $4,584.80.  Unless your client has proof of full payoff, and thus, that he
has satisfied the terms of one or both notes, his quiet title claim has no basis in law or
fact.

Mr. Bernstein's complaint also alleges that the notices NoteWorld sent him regarding late
fees were erroneous because he has paid "on-time throughout the history of the note
payments."  According to our records, Mr. Bernstein failed to make the following
payments:

1001 Pacific Avenue, Suite 200 • Tacoma, WA 98402
P.O. Box 2236 • Tacoma, WA 98401
(866) 765-9876 • Fax (253) 620-7005
w w w . n o t e w o r l d . c o m


BBB
MEMBER
Better Business Bureau®

Mr. Malcolm P. LaVergne
October 9, 2009
Page 2

**Account No. 300020095001053**
- September 2001
- March 2002
- July 2007

**Account No. 300020095001054**
- March 2002
- July 2007

Under the terms of each Note Secured by a Deed of Trust, copies of which are attached hereto, payment is due on the first day of each month and "[i]n the event any payment is more than 15 days late, a late charge penalty of $10.00 shall be paid." As indicated above, Account No. 300020095001053 was in arrears as of September 15, 2001 and started accruing a late penalty on September 16, 2001, and Account No. 300020095001054 was in arrears as of March 15, 2002 and started accruing a late penalty March 16, 2002. By notifying Mr. Bernstein that the accounts were accruing late penalties, NoteWorld acted consistent with the terms of the notes. If your client has some proof that payment was made on the above dates in a form of a cashed check or otherwise, please forward it to us immediately for further research. If your client has no proof, he may wish to seek a waiver of any late penalties that may be owed. To do so, however, he must contact Mr. Rodriguez directly. NoteWorld does not have the authority to waive late penalties; it is a matter between the parties. Notwithstanding the late penalty issue, even if Mr. Bernstein has proof that he made the unaccounted-for payments, the fact remains that he has not paid the notes in full and therefore, has not earned title to the properties at issue.

For the foregoing reasons, we would respectfully request that your client agree to voluntarily withdraw his Quiet Title action against NoteWorld. If he will not agree to do so voluntarily, NoteWorld will be forced to hire an attorney in Nevada to oppose the action. In that case, NoteWorld will seek judgment against Mr. Bernstein for any attorneys' fees and costs incurred to oppose his Quiet Title action and/or to defend the claims Mr. Bernstein has brought against NoteWorld.

If you would like to discuss this matter further, please feel free to call me at (253) 620-7042. In any event, I will follow-up with you early next week regarding your client's decision with respect to our request. Thank you for your anticipated cooperation.

Sincerely,

Danielle H. Kiersztyn
General Counsel

Enclosures

**ORIGINAL**

**FILED**

NOV 09 2009

CLERK OF COURT

OPPS / 0001
MALCOLM P. LaVERGNE, ESQ.
Nevada Bar No. 10121
**THE LaVERGNE LAW GROUP**
320 East Charleston Boulevard, Suite 203
Las Vegas, Nevada 89104
702.448.7981 / 702.966.3117 (Facsimile)
Attorney for Plaintiff

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| MARK BERNSTEIN, an Individual, ) | Case No.    A-09-596386-C |
| ) | Dept.         9 |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Date and Time of Hearing: |
| ) | November 24, 2009 at 9:00 a.m. |
| NOTEWORLD, LLC, a Foreign Limited Liability ) | |
| Company; SALVADOR RODRIGUEZ, an ) | |
| Individual; DOES I – X, Inclusive; and ROE ) | |
| Corporations I – X,  Inclusive, ) | |
| ) | |
| Defendants. ) | |

-------------------------------------------------------------

**PLAINTIFF MARK BERNSTEIN'S OPPOSITION TO DEFENDANT
NOTEWORLD, LLC'S MOTION TO DISMISS AND COUNTERMOTION FOR
LEAVE TO FILE AN AMENDED COMPLAINT**

COMES NOW, Plaintiff MARK BERNSTEIN ("Bernstein" or "Plaintiff"), by and

through his attorney of record MALCOLM P. LaVERGNE, ESQ. of THE LaVERGNE

LAW GROUP, and hereby files his Opposition and Countermotion to Defendant

NOTEWORLD LLC'S ("Noteworld" or "Defendant") Motion to Dismiss or, in the

Alternative, Motion for Summary Judgment.  Defendant further moves the Court for Leave to

File an Amended Complaint.

A–09–596386–C
513649

RECEIVED
NOV 09 2009
CLERK OF THE COURT

*Bernstein v. Noteworld LLC, et. al. – Opposition and Countermotion - 1*

15

1      This Opposition and Countermotion are being made pursuant to the applicable statutes

2    and case law, including NRCP 15(a), the papers and pleadings on file herein, and any

3    argument of counsel and testimony that may be entertained at the hearing of these motions.

4                  **NOTICE OF COUNTERMOTION**

5    To:    NOTEWORLD, LLC, a Foreign Limited Liability Company; and

6    To:    DAVID B. SANDERS, ESQ., Attorney for Defendant

7      NOTICE IS HEREBY GIVEN that the hearing on Plaintiff's Countermotion for Leave

8    to File an Amended Complaint will be held in the above-entitled cause at the Eighth Judicial

9    District Court on the _____ day of _____, 2009 at _____ a.m./p.m. at the

10    Regional Justice Center located at 200 Lewis Avenue, Las Vegas, Nevada 89155.

11      Dated this _____ day of _____, 2009.

12

13

14

15                         Malcolm P. LaVergne, Esq.
                             Nevada Bar No. 10121
                             Attorney for Plaintiff

16   ///

17   ///

18   ///

19

20

21

22

23

24

25

## STATEMENT OF FACTS

1.     The property at issue is located at 2517 East Tonopah Avenue, North Las Vegas, Nevada 89030, APN 139-24-410-005 ("Tonopah Property").

2.     On or around July 1, 1980 Plaintiff became the owner in fee simple of the Tonopah Property.

3.     On or around July 1, 1980, Plaintiff secured a note by deed of trust with Sycamore Properties in the amount of $9,140.98 (Instrument No. 1209825, Book 1250), and Plaintiff additionally secured a note by deed of trust with Sycamore Properties in the amount of $4,600.00 (Instrument No. 1209826, Book 1250).

4.     On or around June 22, 1994, the deeds of trust related to both notes passed to Defendant Salvador Rodriguez.

5.     The notes for the deeds of trust on the Tonopah Property are serviced by Defendant Noteworld.

6.     In or around 2004, Plaintiff became the sole owner of the Tonopah Property.

7.     In around April 2008, Plaintiff completed his payments and was paid in full on both notes, Account No. 300020095001053 and Account No. 300020095001054.

8.     At that time, in around April 2008, Plaintiff became the owner of the Tonopah Property free of any encumbrances.

9.     In or around 2008, Defendant Noteworld began sending Plaintiff notices of late fees that date back to January 10, 2000.

10.     Defendant Noteworld never informed Plaintiff his payments were allegedly late and that late fees were accruing from on or around January 10, 2000 to the present until in or around 2008.

11.     Plaintiff filed a Complaint to Quiet Title to Real Property in this cause on or around July 30, 2009 requesting that the title to the Tonopah Property is resolved by this Court through a trial on the merits, pursuant to NRS 40.010.

12.     On or around October 19, 2009, Defendant Noteworld filed its Motion to Dismiss or in the Alternative, Motion for Summary Judgment.

## ARGUMENTS AND AUTHORITIES

1.     Pursuant to NRCP 12(b), if on a motion asserting a defense to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in NRCP 56.

2.     All parties shall be given reasonable opportunity to present all material made pertinent to such a motion by NRCP 56, when this rule is evoked pursuant to NRCP 12(b)(5).

3.     Summary judgment is only proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex v. Caltrett*, 477 U.S. 317, 322 (1986).

4.     The evidence of the non moving party is to be believed, and all justifiable inferences are to be drawn in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

5.     The entry of summary judgment is mandated only after adequate time for discovery, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex v. Caltrett*, 477 U.S. 317, 322 (1986).

6.     In the present cause, no discovery has been conducted, and an Early Case Conference has not been held.

7.     In fact, only a Complaint and a responsive pleading have been filed.

8.      Defendant asserts in its Motion that "Noteworld makes no claim to possession or interest to the property."

13.      However, Defendant Noteworld persistently and erroneously began sending Plaintiff notices, starting in around 2008 that assert late fees dating back from January 10, 2000.

9.      Defendant is the only entity attempting to collect the alleged late fees from Plaintiff, and Defendant has been unwilling to provide any contact information for the alleged deed holder, Defendant Salvador Rodriguez.

10.      Sufficient discovery has not been conducted for Plaintiff to determine the actual entities that have a claim to possession or interest to the Tonopah Property.

11.      Furthermore, as part of this pleading and pursuant to NRCP 15(a), Defendant now files a Motion for Leave to File a Counterclaim.

12.      Plaintiff seeks to amend his Complaint after conducting further research and investigation since the time of filing the Complaint.

13.      Plaintiff now alleges that Defendant Noteworld violated certain provisions of the Nevada Revised Statutes and provisions of the United States Code with regard to Defendant's servicing of the mortgage loans on the Tonopah Property.

14.      Therefore, Plaintiff's Motion should be denied in its entirety.

/ / /

/ / /

/ / /

## COUNTERMOTION FOR LEAVE TO FILE PLAINTIFF'S
## FIRST AMENDED COMPLAINT

COMES NOW, Plaintiff MARK BERNSTEIN ("Bernstein" or "Plaintiff"), by and through his attorney of record MALCOLM P. LaVERGNE, ESQ. of the LaVERGNE LAW GROUP, and hereby files his Countermotion for Leave to File an Amended Complaint.

This Countermotion is made pursuant to the applicable statutes and case law, including NRCP 15(a), the papers and pleadings on file herein, and any arguments of counsel and testimony that may be entertained at the hearing of these motions.

### ARGUMENTS AND AUTHORITIES

1.      NRCP 15(a) specifically states that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; *and leave shall be freely given when justice so requires.*" (Emphasis added).

2.      Absent undue delay, bad faith or dilatory motive on the part of the movant -- the leave to amend should be freely given. *Stephens v. Southern Nev. Music Co.*, 89 Nev. 104, 507 P.2d 138 (1973).

3.      In fact, a motion to amend may be made orally in open court in the presence of counsel for the adverse party. *Weiler v. Ross*, 80 Nev. 380, 395 P.2d 323 (1964).

4.      Here, no undue delay, bad faith or dilatory motives exist in making this Motion for Leave.

5.      This Countermotion is made in good faith based on the additional information received and reviewed since the filing of the Complaint and upon further consideration in this matter.

6.    Specifically, upon further investigation and consideration in this matter, Plaintiff's First Amended Complaint will include certain NRS and USC violations against Defendant Noteworld.

7.    Attached hereto and incorporated for all purposes as Exhibit "1" is a proposed copy of Plaintiff's First Amended Complaint.

Dated this ___6___ day of ___November___, 2009.

MALCOLM P. LAVERGNE, ESQ.
Nevada Bar No. 10121
THE LaVERGNE LAW GROUP
320 East Charleston Boulevard, Suite 203
Las Vegas, Nevada 89104
702.448.7981 / 702.966.3117 (Facsimile)
Attorney for Plaintiffs

### CERTIFICATE OF SERVICE

Malcolm P. LaVergne, Esq., attorney for Plaintiff MARK BERNSTEIN, hereby certifies that on the ___6___ day of ___November___, 2009, I mailed a true and correct copy of the Plaintiff's Opposition and Countermotion for Leave to File an Amended Complaint by depositing the document in a sealed envelope in the United States mail, first-class postage prepaid, addressed as follows:

DAVID B. SANDERS, ESQ.
THE COOPER CASTLE LAW FIRM, LLP
820 South Valley View Boulevard
Las Vegas, Nevada 89107

Malcolm P. LaVergne, Esq.

# Exhibit "1"

**ACOM**
MALCOLM P. LaVERGNE, ESQ.
Nevada Bar No. 10121
**THE LaVERGNE LAW GROUP**
320 East Charleston Boulevard, Suite 203
Las Vegas, Nevada 89104
702.448.7981 / 702.966.3117 (Facsimile)
Attorney for Plaintiff

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| MARK BERNSTEIN, an Individual, ) | Case No. |
| ) | Dept. |
| Plaintiffs, ) | |
| ) | **Exempt From Arbitration** |
| vs. ) | **(Title to Real Estate)** |
| ) | |
| NOTEWORLD, LLC, a Foreign Limited Liability ) | |
| Company; SALVADOR RODRIGUEZ, an ) | |
| Individual; DOES I – X, Inclusive; and ROE ) | |
| Corporations I – X, Inclusive, ) | |
| ) | |
| Defendants. ) | |

------------------------------------------------

**PLAINTIFF'S FIRST AMENDED COMPLAINT TO QUIET TITLE TO REAL PROPERTY AND FOR DAMAGES**

COMES NOW, Plaintiff MARK BERNSTEIN ("Plaintiff" or "Bernstein"), by and through his attorney MALCOLM P. LaVERGNE, of THE LaVERGNE LAW GROUP, and for his First Amended Complaint to Quiet Title to Real Property and for Damages against Defendants, alleges the following:

1.    At all relevant times, Plaintiff MARK BERNSTEIN was and is a resident of the State of Nevada, County of Clark, and is the owner in fee simple of the property located at 2517 East Tonopah Avenue, Las Vegas, Nevada 89030 ("Tonopah Property").

2.    At all relevant times, Defendant NOTEWORLD, LLC was and is a Foreign Limited Liability Company doing business in the State of Nevada, County of Clark.

3.      At all relevant times, Defendant SALVADOR RODRIGUEZ was and is a resident of Santa Barbara, California and lives at 1004 Cima Linda Lane, Santa Barbara, California, 93108.

4.      Upon information and belief, Defendants DOES I – X are individuals or entities involved in the conduct alleged herein; that Plaintiff has been unable to ascertain the identities of these individuals or entities and, therefore, sues them under fictitious names; that when their true identities are known, Plaintiff will expeditiously seek leave to amend the Complaint with the true identities.

5.      Upon information and belief, Defendants ROE Corporations I – X are involved in the conduct alleged herein; that Plaintiff has been unable to ascertain the identities of these corporations and, therefore, sues them under fictitious names; that when their true identities are known, Plaintiff will expeditiously seek leave to amend the Complaint with the true identities.

6.      On or around July 1, 1980 Plaintiff became the owner in fee simple of the Tonopah Property.

7.      On or around July 1, 1980, Plaintiff secured a note by deed of trust with Sycamore Properties in the amount of $9,140.98.

8.      On or around July 1, 1980, Plaintiff additionally secured a note by deed of trust with Sycamore Properties in the amount of $4,600.00.

9.      In or around 2001, Sycamore Properties became a defunct company in the State of Nevada.

10.     On or around June 22, 1994, the deeds of trust related to both notes passed to Defendant Salvador Rodriguez.

11.     The notes on the Tonopah Property are serviced by Defendant Noteworld.

12.     The note for $9,140.98 is known to Defendant Noteworld as Account No. 300020095001053.

13.     The note for $4,600 is known to Defendant Noteworld as Account No. 300020095001054.

14.     In or around 2004, Plaintiff became sole owner of the Tonopah Property.

15.     In around April 2008, Plaintiff completed his payments and was paid in full on both notes, Account No. 300020095001053 and Account No. 300020095001054.

16.     Mr. Bernstein made his payments to Defendant Noteworld rigorously and on-time throughout the history of the note payments.

17.     In or around 2008, Defendant Noteworld began sending Plaintiff notices of late fees that dates back to January 10, 2000.

18.     Defendant Noteworld never informed Plaintiff his payments were allegedly late and that late fees were accruing from on or around January 10, 2000 to the present until in or around 2008.

<u>FIRST CAUSE OF ACTION</u>
(Quiet Title Pursuant to NRS 40.010)

19.     Plaintiff  repeats and re-alleges each and every allegation contained in paragraphs "1" through "18" as if fully set forth herein.  Plaintiff further alleges:

20.     Plaintiff has been the owner in fee simple of the Tonopah Property since on or around July 1, 1980.

21.     On or around July 1, 1980, Plaintiff secured a note by deed of trust with Sycamore Properties in the amount of $9,140.98.

22.     On or around July 1, 1980, Plaintiff additionally secured a note by deed of trust with Sycamore Properties in the amount of $4,600.00.

*Bernstein v. Noteworld LLC, et. al. – First Amended Complaint - 3*

23.     In around April 2008, Plaintiff completed his payments and was paid in full on both notes.

24.     Plaintiff requests that the titles to both real properties are resolved by this court through a trial on the merits, pursuant to NRS 40.010.

25.     Plaintiff has been required to retain an attorney to represent him for this action, and, therefore, Plaintiff is entitled to his reasonable attorney's fees from Defendants.

SECOND CAUSE OF ACTION<br>(Violation of 15 USC 1692(e) against Defendant Noteworld)

26.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "25" as if fully set forth herein.  Plaintiff further alleges:

27.     In around April 2008, Plaintiff completed his payments and was paid in full on both notes, Account No. 300020095001053 and Account No. 300020095001054.

28.     Mr. Bernstein made his payments to Defendant Noteworld rigorously and on-time throughout the history of the note payments.

29.     In or around 2008, Defendant Noteworld began sending Plaintiff notices of late fees that dates back to January 10, 2000.

30.     Defendant Noteworld never informed Plaintiff his payments were allegedly late and that late fees were accruing from on or around January 10, 2000 to the present until in or around 2008.

31.     Defendant Noteworld made false representations about the character, amount and/or legal status of the alleged debt.

32.     Plaintiff has been damaged in an amount in excess of $10,000.00 of the result of Defendant's violation of 15 USC 1692(e).

33.     Plaintiff has been required to retain an attorney to represent him for this action, and, therefore, Plaintiff is entitled to his reasonable attorney's fees from Defendants.

### SECOND CAUSE OF ACTION
(Violation of 15 USC 1692(f) against Defendant Noteworld)

34.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "33" as if fully set forth herein.  Plaintiff further alleges:

35.     In around April 2008, Plaintiff completed his payments and was paid in full on both notes, Account No. 300020095001053 and Account No. 300020095001054.

36.     Mr. Bernstein made his payments to Defendant Noteworld rigorously and on-time throughout the history of the note payments.

37.     In or around 2008, Defendant Noteworld began sending Plaintiff notices of late fees that dates back to January 10, 2000.

38.     Defendant Noteworld never informed Plaintiff his payments were allegedly late and that late fees were accruing from on or around January 10, 2000 to the present until in or around 2008.

39.     Defendant Noteworld collected alleged late fees on several occasions from Plaintiff which were not expressly authorized by any agreement or permitted by law.

40.     Plaintiff has been damaged in an amount in excess of $10,000.00 of the result of Defendant's violation of 15 USC 1692(f).

41.     Plaintiff has been required to retain an attorney to represent him for this action, and, therefore, Plaintiff is entitled to his reasonable attorney's fees from Defendants.

### THIRD CAUSE OF ACTION
(Violation of NRS 598.0915 against Defendant Noteworld)

42.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "41" as if fully set forth herein.  Plaintiff further alleges:

43.     In around April 2008, Plaintiff completed his payments and was paid in full on both notes, Account No. 300020095001053 and Account No. 300020095001054.

44.     Mr. Bernstein made his payments to Defendant Noteworld rigorously and on-time throughout the history of the note payments.

45.     In or around 2008, Defendant Noteworld began sending Plaintiff notices of late fees that dates back to January 10, 2000.

46.     Defendant Noteworld never informed Plaintiff his payments were allegedly late and that late fees were accruing from on or around January 10, 2000 to the present until in or around 2008.

47.     Defendant Noteworld attempted to collect alleged late fees on several occasions that were not permitted by law or authorized by Plaintiff.

48.     Defendant Noteworld collected alleged late fees on several occasions from Plaintiff that were not permitted by law or authorized by Plaintiff.

49.     Plaintiff has been damaged in an amount in excess of $10,000.00 of the result of Defendant's actions.

50.     Plaintiff has been required to retain an attorney to represent him for this action, and, therefore, Plaintiff is entitled to his reasonable attorney's fees from Defendants.

/ / /

/ / /

/ / /

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

1.     That the Court grant Plaintiff's relief on all causes of action;

2.     For compensatory damages in excess of $10,000.00 as alleged;

3.     That the Defendants pay Plaintiff's reasonable attorney's fees; and

4.     For any such further additional relief as the Court may deem just and proper.

Dated this _____ day of _____, 2009.


MALCOLM P. LaVERGNE, ESQ.
Nevada Bar No. 10121
THE LaVERGNE LAW GROUP
320 East Charleston Boulevard, Suite 203
Las Vegas, Nevada  89104
702.448.7981 / 702.966.3117 (Facsimile)
Attorneys for Plaintiff