● ORIGINAL ●

FILED
NOV 2 0 2009
CLERK OF COURT

1  0056
David B. Sanders, Esq.
Nevada State Bar No. 7895
2  Huong X. Lam, Esq.
Nevada State Bar No. 10916
3  THE COOPER CASTLE LAW FIRM, LLP
820 S. Valley View Blvd.
4  Las Vegas, Nevada 89107
(702) 435-4175 Telephone
*Attorneys for Defendant*
5  *Noteworld, LLC*

6                    **DISTRICT COURT**
7                **CLARK COUNTY, NEVADA**

8  MARK BERNSTEIN, an Individual      )
                                      )
        Plaintiff,                    )  Case No. A-09-596386-C
9                                     )
        vs.                           )  Dept. No. IX
10                                    )
   NOTEWORLD, LLC, a Foreign Limited  )
   Liability Company; SALVADOR        )  Date: November 24, 2009
11 RODRIGUEZ, an Individual; DOES I – X, )  Time: 9:00 a.m.
   Inclusive; and ROE Corporations I – X, )
12 Inclusive,                         )   A – 09 – 596386 – C
                                      )   537579
        Defendants.                   )
13                                    )
                                      )
14                                    )

15 __DEFENDANT NOTEWORLD, LLC'S REPLY IN SUPPORT OF MOTION TO__
   __DISMISS OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT__
16                          __and__
   __OPPOSITION TO COUNTERMOTION FOR LEAVE TO FILE__
17            __PLAINTIFF'S FIRST AMENDED COMPLAINT__

18         COMES NOW Defendants, NOTEWORLD, LLC (hereinafter "Noteworld") by and

19 through its counsel of record, THE COOPER CASTLE LAW FIRM, LLP, and hereby submits

20 its Reply in Support of Motion to Dismiss, or in the alternative, Motion for Summary

21 Judgment, and Opposition to Countermotion for Leave to File Plaintiff's First Amended

22 Complaint.

23 //

24 //

THE COOPER CASTLE LAW FIRM, LLP
820 South Valley View Blvd. Las Vegas, Nevada 89107
Phone (702) 435-4175 ■ Fax (702) 877-7424

RECEIVED
NOV 2 0 2009
CLERK OF THE COURT          - 1 -

## POINTS AND AUTHORITIES

### I.    Introduction

Defendant Noteworld's Reply purely tests the ability of Plaintiff to present claims under the legal theories alleged and will address the arguments presented in Plaintiff's Opposition. Dismissal with prejudice is necessary in this matter because Plaintiff's Complaint is legally deficient and fails to state a claim upon which relief can be granted.

Plaintiffs Opposition to Noteworld's Motion to Dismiss, or in the alternative, for Summary Judgment, fails to address fundamental flaws in Plaintiff's Complaint and attempts to cloud the issue with unsubstantiated allegations. As such, Plaintiff thereby concedes that Plaintiff's Complaint fails to state a claim upon which relief by this defendant can be granted. Even accepting each allegation in Plaintiff's Complaint as true and drawing all justifiable inferences in his favor, Plaintiff cannot establish or maintain any cause of action against Noteworld.

Plaintiff's Complaint for Quiet Title pursuant to NRS 40.010 should be dismissed with prejudice. Alternatively, it is respectfully requested this Court enter summary judgment in favor of Noteworld on Plaintiff's claim for Quiet Title. It is further requested that Plaintiff's Countermotion for leave to amend the Complaint be denied.

### II.   Plaintiff's Complaint for Quiet Title Against Defendant Noteworld Should Be Dismissed with Prejudice, or in the alternatively, Summary Judgment Should be Granted in Favor of Defendant Noteworld.

Dismiss, or in the alternative, summary judgment is proper in this case because there is no need for any discovery in this case. As a preliminary matter, the very nature of Noteworld's Motion negates any need for discovery. Even if the Court were to accept as true all facts contained in the Complaint, Plaintiff's claim against Noteworld for Quiet Title fails on its face. Zalk-Josephs Co. v. Wells Cargo, Inc., 81 Nev 163, 400 P.2d 621 (1965); Simpson v. Mars,

- 2 -

1   Inc., 113 Nev. 188, 929 P.2d 966 (1997).   If this Court were to adjudicate the matter on the

2   merits and quiet title in the Property in Plaintiff, Noteworld makes no claim to possession or

3   interest to the Property.  As such, Plaintiff's claim for Quiet Title pursuant to NRS 40.010 must

4   fail as a matter of law.  No amount of discovery will reveal documents that will change the fact

    that Noteworld is a mere servicer and makes no claim to possession or interest in the Property.

5   Furthermore, Plaintiff makes the questionable assertion that "[s]ufficient discovery has

6   not been conducted for Plaintiff to determine the actual entities that have a claim to possession

7   or interest to the Tonopah Property." (See Opposition 5:9-10).  As stated in the Motion to

8   Dismiss, upon service of the Complaint, Noteworld contacted counsel for Bernstein and

9   requested voluntary dismissal from the case because Noteworld "makes no claim to possession

10  – in full or in part – to the properties at issue." (See Motion to Dismiss, Exhibit E).  Despite

11  this request, Noteworld was not dismissed from the instant lawsuit, and as a consequence, has

12  had to retain counsel and incur fees and costs to defend this matter.  Plaintiff's own admission

13  that sufficient discovery had not been conducted for Plaintiff to determine the actual entities

14  that have a claim to possession or interest to the Property proves that Plaintiff's claim for Quiet

15  Title against Noteworld are without merit and were asserted in bad faith without due diligence.

16  Plaintiff has simply failed to do his homework prior to filing the Complaint.  As such,

17  Noteworld should be awarded attorneys fees and costs for having to defend this matter and

18  bring this motion.

19  **III.**    **Opposition to Countermotion for Leave to File an Amended Complaint**

20          A.    *While Leave To Amend Is To Be Freely Given, Plaintiff Should Not Be Allowed
                 To Amend The Complaint Because The Freedom To Permit Amendment Is Not
21               Absolute.*

22  Plaintiffs must not be permitted to amend their Complaint against Noteworld because

23  Plaintiff has failed to address the major defects that exist in their case.  Although Nevada's

24  pleading laws are quite liberal, it does not constitute an open invitation to amend.  While leave

1   to amend is to be freely given, the freedom is not absolute. The Nevada Supreme Court stated

2   in <u>Brown v. Capanna</u>, "the requirement that the amending party acquire leave of the court

3   suggests that there are instances in which leave should not be granted." 105 Nev. 665, 668,

4   782 P.2d 1299, 1301 (1989). In <u>Brown</u>, the Court affirmed the trial court's refusal to permit

5   plaintiffs to amend their negligence allegation when the Court had already awarded partial

6   summary judgment against the plaintiffs on the negligence issue.

7       Similarly, Plaintiff continues to pursue the claim for Quiet Title Pursuant to NRS

8   40.010 against Noteworld in the amended Complaint. As stated above, Noteworld makes no

9   claim to title or possession of the Property at issue. Should this Court grant dismissal or

10   summary judgment in favor of Noteworld, Plaintiff should not be allowed to relitigate the

11   matter by way of amended pleadings.

12       B.    *Plaintiff's While Leave To Amend Is To Be Freely Given, Plaintiff Should Not*
    *Be Allowed To Amend The Complaint Because The Freedom To Permit*
13       *Amendment Is Not Absolute.*

14       A court should not allow amendment when the proposed amendment of the pleading

15   does not state a legally recognizable claim. Accordingly, a judge may, in a property case, deny
a motion for leave to amend. *See* <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>Stephens v. S.</u>

16   <u>Nevada Music Co., Inc.</u>, 89 Nev. 104, 507 P.2d 138 (1973); *see also* <u>Edwards v. City of</u>

17   <u>Goldsboro</u>, 178 F.3d 231, 242 (4th Cir. 1999) (leave may be denied when amendment would be

18   futile); <u>Leffal v. Dalla Indep. School Dist.</u>, 28 F.3d 521, 524 (5th Cir. 1994) (valid reasons for
denial are timeliness and futility); <u>Roth v. Garcia Marquez</u>, 942 F.2d 617, 628 (9th Cir. 1991)

19   (four factors – bad faith, undue delay, prejudice, and futility – are commonly used to determine

20   if court should grant leave); <u>Moore v. Kayport Package Express, Inc.</u>, 885 F.2d 531, 538 (9th

21   Cir. 1989) (denial of leave proper when amendment was subject to dismissal for failure to state

22   a claim).

23       As the above authority demonstrates, a party should not be granted leave to amend a

24   pleading where the sought after amendment is legally insufficient to state a cause of action. In

1  this case, Plaintiff's should not be allowed leave to amend because they have not presented any

2  evidence to suggest they have a meritorious claim against Noteworld.

3      Plaintiff's amended Complaint makes unspecified claims against Noteworld and

4  references whole sections of the U.S. code and whole section of Nevada Revised Statutes.

5  Plaintiff's Second Cause of Action references 15 USC 1692e; this section of the U.S. Code

6  contains **sixteen** separate and distinct possible violations a debt collector could make in the

7  process of collecting a debt. (See attached Exhibit AA). Plaintiff's Third Cause of Action

8  (erroneously labelled Second Cause of Action) references 15 USC 1692f; this provision of the

9  U.S. Code contains **eight** separate and distinct possible violations a debt collector could make

10  in the process of collecting a debt. (See attached Exhibit BB). Plaintiff's Fourth Cause of

11  Action (erroneously labelled Third Cause of Action) references NRS 598.0915; this provision

12  of the Nevada Revised Statutes defines "Deceptive trade practice" and contains **sixteen**

13  separate and distinct possible actions a person/business would have to knowingly take to meet

14  the statutory definition of deceptive trade practice. (See attached Exhibit CC). Thus, in

15  Plaintiff's proposed amended Complaint, Plaintiff has accused Noteworld of a total of forty

16  violations of the law.

17      Plaintiff simply cannot state a claim against Noteworld and is making a futile and

18  desperate attempt to keep the case afloat. Plaintiff should not be allowed to amend the

19  Complaint due to Plaintiff's blatant disregard for Nevada's pleading requirements and failure to

20  state a cognizable claim upon which relief can be granted. As such, the Countermotion for

21  leave to amend the Complaint should be denied in its entirety.

22  **IV.   Conclusion**

23      Based on the foregoing, Defendant Noteworld respectfully requests this Court to

24  dismiss with prejudice Plaintiff's Complaint in its entirety, or alternatively, grant summary

1  judgment in favor of Defendant Noteworld on Plaintiff's claim. Defendant Noteworld also

2  requests that leave to amend the Complaint be denied. It is further requested that Defendant be

3  awarded attorneys' fees and costs for having to defend this case and to submit this motion.

4  DATED this __19__ day of November, 2009.

5  THE COOPER CASTLE LAW FIRM, LLP

6

7  _____
   David B. Sanders, Esq.
   Nevada State Bar No. 7895
8  Huong X. Lam, Esq.
   Nevada State Bar No. 10916
9  820 S. Valley View Boulevard
   Las Vegas, NV 89107
10 (702) 435-4175 Telephone
   Attorneys for Defendant
11 Noteworld, LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of THE COOPER CASTLE LAW FIRM, LLP, and that on the ___19___ day of November, 2009, I served a true and correct copy of the DEFENDANT NOTEWORLD, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT and OPPOSITION TO COUNTERMOTION FOR LEAVE TO FILE PLAINTIFF'S FIRST AMENDED COMPLAINT via First Class US Mail, postage prepaid to the parties listed below.

Malcolm P. LaVergne, Esq.
The LaVegerne Law Group
320 East Charleston Blvd., Suite 203
Las Vegas, NV 89104

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

An employee of
THE COOPER CASTLE LAW FIRM, LLP

# EXHIBIT "AA"



**Cornell University Law School**

Search Law School     Search Cornell

LII / Legal Information Institute

# U.S. Code collection

TITLE 15 > CHAPTER 41 > SUBCHAPTER V > § 1692e
## § 1692e. False or misleading representations

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> **(1)** The false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof.

> **(2)** The false representation of—

>> **(A)** the character, amount, or legal status of any debt; or

>> **(B)** any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

> **(3)** The false representation or implication that any individual is an attorney or that any communication is from an attorney.

> **(4)** The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

> **(5)** The threat to take any action that cannot legally be taken or that is not intended to be taken.

> **(6)** The false representation or implication that a sale, referral, or other transfer of any interest in a debt shall cause the consumer to—

>> **(A)** lose any claim or defense to payment of the debt; or

>> **(B)** become subject to any practice prohibited by this subchapter.

> **(7)** The false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer.

> **(8)** Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

> **(9)** The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or

agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.

**(10)**  The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

**(11)**  The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

**(12)**  The false representation or implication that accounts have been turned over to innocent purchasers for value.

**(13)**  The false representation or implication that documents are legal process.

**(14)**  The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

**(15)**  The false representation or implication that documents are not legal process forms or do not require action by the consumer.

**(16)**  The false representation or implication that a debt collector operates or is employed by a consumer reporting agency as defined by section 1681a (f) of this title.

*LII has no control over and does not endorse any external Internet site that contains links to or references LII.*

# EXHIBIT "BB"

US CODE: Title 15,1692f. Unfair practices

Page 1 of 2


## Cornell University
## Law School

Search Law School      Search Cornell

LII / Legal Information Institute

# U.S. Code collection

TITLE 15 > CHAPTER 41 > SUBCHAPTER V > § 1692f
## § 1692f. Unfair practices

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

**(1)** The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

**(2)** The acceptance by a debt collector from any person of a check or other payment instrument postdated by more than five days unless such person is notified in writing of the debt collector's intent to deposit such check or instrument not more than ten nor less than three business days prior to such deposit.

**(3)** The solicitation by a debt collector of any postdated check or other postdated payment instrument for the purpose of threatening or instituting criminal prosecution.

**(4)** Depositing or threatening to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument.

**(5)** Causing charges to be made to any person for communications by concealment of the true purpose of the communication. Such charges include, but are not limited to, collect telephone calls and telegram fees.

**(6)** Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—

   **(A)** there is no present right to possession of the property claimed as collateral through an enforceable security interest;

   **(B)** there is no present intention to take possession of the property; or

   **(C)** the property is exempt by law from such dispossession or disablement.

**(7)** Communicating with a consumer regarding a debt by post card.

**(8)** Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

*LII has no control over and does not endorse any external Internet site that contains links to or references LII.*

# EXHIBIT "CC"

**NRS 598.0915** "Deceptive trade practice" defined. A person engages in a "deceptive trade practice" if, in the course of his business or occupation, he:

1. Knowingly passes off goods or services for sale or lease as those of another person.

2. Knowingly makes a false representation as to the source, sponsorship, approval or certification of goods or services for sale or lease.

3. Knowingly makes a false representation as to affiliation, connection, association with or certification by another person.

4. Uses deceptive representations or designations of geographic origin in connection with goods or services for sale or lease.

5. Knowingly makes a false representation as to the characteristics, ingredients, uses, benefits, alterations or quantities of goods or services for sale or lease or a false representation as to the sponsorship, approval, status, affiliation or connection of a person therewith.

6. Represents that goods for sale or lease are original or new if he knows or should know that they are deteriorated, altered, reconditioned, reclaimed, used or secondhand.

7. Represents that goods or services for sale or lease are of a particular standard, quality or grade, or that such goods are of a particular style or model, if he knows or should know that they are of another standard, quality, grade, style or model.

8. Disparages the goods, services or business of another person by false or misleading representation of fact.

9. Advertises goods or services with intent not to sell or lease them as advertised.

10. Advertises goods or services for sale or lease with intent not to supply reasonably expectable public demand, unless the advertisement discloses a limitation of quantity.

11. Advertises goods or services as being available free of charge with intent to require payment of undisclosed costs as a condition of receiving the goods or services.

12. Advertises under the guise of obtaining sales personnel when the purpose is to first sell or lease goods or services to the sales personnel applicant.

13. Makes false or misleading statements of fact concerning the price of goods or services for sale or lease, or the reasons for, existence of or amounts of price reductions.

14. Fraudulently alters any contract, written estimate of repair, written statement of charges or other document in connection with the sale or lease of goods or services.

15. Knowingly makes any other false representation in a transaction.

16. Knowingly falsifies an application for credit relating to a retail installment transaction, as defined in NRS 97.115.

(Added to NRS by 1973, 1483; A 1983, 881; 1985, 2256; 1995, 1094; 1997, 1375; 1999, 3280; 2001, 489, 2149)

A-09-596386-C

# DISTRICT COURT
## CLARK COUNTY, NEVADA

| Title to Property | COURT MINUTES | November 24, 2009 |
|---|---|---|

A-09-596386-C        Mark Bernstein, Plaintiff(s)
                     vs.
                     NoteWorld LLC; Salvador Rodriguez, Defendant(s)

November 24, 2009    9:00 AM         **All Pending Motions**

HEARD BY:    Togliatti, Jennifer              COURTROOM:   RJC Courtroom 14A

COURT CLERK:    Alan Castle; Dawn Jackson

RECORDER:    Yvette Lester

PARTIES
PRESENT:        Lam, Huong              Attorney
                Lavergne, Malcolm P.    Attorney

## JOURNAL ENTRIES

- Defendant Noteworld, LLC's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment ... Plaintiff Mark Bernstein's Opposition to Defendant Noteworld, LLC's Motion To Dismiss and Countermotion for Leave To File an Amended Complaint

Arguments by counsel. Court stated it's Findings and ORDERED, motion to Dismiss Granted In Part. FURTHER, counter motion to amend GRANTED.

1  ORDR
   David B. Sanders, Esq. (7895)
2  Huong X. Lam, Esq. (10916)
   THE COOPER CASTLE LAW FIRM, LLP
3  820 S. Valley View Blvd.
   Las Vegas, Nevada  89107
   (702) 435-4175 Telephone
4  *Attorneys for Defendant*
   *Noteworld, LLC*

FILED

Jan 20  3 5° PM '10

CLERK OF THE COURT

### DISTRICT COURT
### CLARK COUNTY, NEVADA

MARK BERNSTEIN, an Individual          )
                                       )
              Plaintiff,               )   Case No. A-09-596386-C
                                       )
       vs.                             )
                                       )   Dept. No. IX
NOTEWORLD, LLC,  a Foreign Limited     )
Liability Company; SALVADOR            )
RODRIGUEZ, an Individual; DOES I – X,  )   __ORDER ON HEARING__
Inclusive; and ROE Corporations I – X, )   __NOVEMBER 24, 2009__
Inclusive,                             )
              Defendants.              )
                                       )
                                       )

THE COOPER CASTLE LAW FIRM, LLP
820 South Valley View Blvd. Las Vegas, Nevada 89107
Phone (702) 435-4175 ■ Fax (702) 877-7424

        This matter, having come before the Court on November 24, 2009, Defendant

NOTEWORLD, LLC, ("Noteworld"), having appeared by and through counsel Huong X. Lam,

Esq., of The Cooper Castle Law Firm, and Plaintiff MARK BERNSTEIN having appeared by

and through counsel Malcolm LaVergne, Esq., of The LaVergne Law Group, the Court having

considered the Motion, Opposition and Countermotion, Reply and Opposition, and arguments

of counsel under NRCP 56 and good cause appearing, sets forth the Findings of Fact,

Conclusions of Law and Order as follows:

                        FINDINGS OF FACT:

        This matter deals with real property located in Las Vegas, Nevada, commonly known as

2517 E. Tonopah Ave., N. Las Vegas, NV 89030, APN 139-24-410-005 (hereinafter the

"Property");

                              - 1 -

THE COOPER CASTLE LAW FIRM, LLP
820 South Valley View Blvd. Las Vegas, Nevada 89107
Phone (702) 435-4175 ■ Fax (702) 877-7424

1.    The Property was purchased on or about July 1, 1980 by Plaintiff MARK BERNSTEIN ("Plaintiff" or "Bernstein") and his then wife, Karen Bernstein from Sycamore Properties;

2.    The Note on the loan was secured by first and second Deeds of Trusts, dated July 1, 1980, executed by Bernstein and his then wife, Karen Bernstein.  The first and second Deeds of Trusts were recorded on July 9, 1980 as Instrument No. 1209825 in Book 1250, and Instrument No. 1209826 in Book 1250 in the Official Records in the County Recorder's Office of Clark County, Nevada;

3.    On or about June 13, 1994, the first and second Deeds of Trusts were assigned to Salvador Rodriguez.  The Assignments of the first and second Deeds of Trusts were recorded on June 22, 1994 at Instrument No. 199406220001554 and Instrument No. 199406220001555;

4.    Noteworld has no claim to title or possession in the Property. No amount of discovery will reveal documents that will change the fact that Noteworld makes no claim to possession or interest in the Property.

CONCLUSIONS OF LAW:

1.    Summary judgment is appropriate because the pleadings and evidence demonstrate no genuine material issue remains to be decided in regards to Plaintiff's claim for Quiet Title against Noteworld;

2.    Plaintiff's claim against Noteworld for Quiet Title fails as a matter of law;

3.    Plaintiff may submit a proposed Second Amended Complaint.

NOW THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:

1.    The foregoing recitals are hereby incorporated herein;

2.    Summary Judgment is appropriate in this matter because the pleadings and evidence demonstrate that no genuine material issue of facts remains to be

- 2 -

1    decided as to Plaintiff's First Cause of Action for Quiet Title Against

2    Noteworld;

3        3.  Plaintiff may submit a proposed Second Amended Complaint within 20 days of

4        entry of this order.

5    DATED this _____ day of January, 2010.

6

7                                              **JENNIFER P. TOGLIATTI**

8                                              DISTRICT COURT JUDGE

9

10   Respectfully Submitted By:

11   THE COOPER CASTLE LAW FIRM,
     LLP

12

13   David B. Sanders, Esq. (7895)
     Huong X. Lam, Esq. (10916)
     820 S. Valley View Boulevard

14   Las Vegas, NV 89107
     (702) 435-4175 Telephone

15   *Attorneys for Defendant*
     *Noteworld, LLC*

16

17

18

19

20

21

22

23

24

THE COOPER CASTLE LAW FIRM, LLP
820 South Valley View Blvd. Las Vegas, Nevada 89107
Phone (702) 435-4175 ■ Fax (702) 877-7424

- 3 -

ORIGINAL

FILED

JAN 22  3 42 PH '10

CLERK OF THE COURT

1  NEOJ
   David B. Sanders, Esq. (7895)
2  Huong X. Lam, Esq. (10916)
   THE COOPER CASTLE LAW FIRM, LLP
   820 S. Valley View Blvd.
3  Las Vegas, Nevada 89107
   (702) 435-4175 Telephone
4  *Attorneys for Defendant*
   *Noteworld, LLC*

5              **DISTRICT COURT**
             **CLARK COUNTY, NEVADA**
6

7  MARK BERNSTEIN, an Individual          )
                                          )
8              Plaintiff,                 )  Case No. A-09-596386-C
                                          )
       vs.                                )  Dept. No. IX
9                                         )
   NOTEWORLD, LLC, a Foreign Limited      )
10 Liability Company; SALVADOR            )  **NOTICE OF ENTRY OF ORDER**
   RODRIGUEZ, an Individual; DOES I – X,  )
11 Inclusive; and ROE Corporations I – X, )  A – 09 – 596386 – C
   Inclusive,                             )  647728
12             Defendants.                )
                                          )
13                                        )

14  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

15      **YOU, AND EACH OF YOU, WILL PLEASE TAKE NOTICE** that the ORDER

16  ON HEARING NOVEMBER 24, 2009 was entered in the above-referenced matter on the 20th

17  day of January, 2010, a copy of which is attached hereto.

18      DATED this *22* day of January, 2010.

19                          THE COOPER CASTLE LAW FIRM, LLP

20                          *[signature] #11310*
                            David B. Sanders, Esq.
21                          Nevada State Bar No. 7895
                            Huong X. Lam, Esq.
22                          Nevada State Bar No. 10916
                            820 S. Valley View Boulevard
23                          Las Vegas, NV 89107
                            (702) 435-4175 Telephone
24                          *Attorneys for Defendant*
                            *Noteworld, LLC*

RECEIVED

JAN 2 2 2010

CLERK OF THE COURT

THE COOPER CASTLE LAW FIRM, LLP
820 South Valley View Blvd. Las Vegas, Nevada 89107
Phone (702) 435-4175 ▪ Fax (702) 877-7424

- 1 -

1

## CERTIFICATE OF SERVICE

2    I HEREBY CERTIFY that on the 22 day of January, 2010, I served a true and

3 correct copy of the NOTICE OF ENTRY OF ORDER via First Class U.S. Mail, postage pre-

4 paid, to the parties listed hereinafter at their last known address.

5

6    Malcolm P. LaVergne, Esq.
     The LaVegerne Law Group
7    320 East Charleston Blvd., Suite 203
     Las Vegas, NV 89104

8

9

10   _____
     An employee of
11   THE COOPER CASTLE LAW FIRM, LLP

12

13

14

15

16

17

18

19

20

21

22

23

24

*THE COOPER CASTLE LAW FIRM, LLP*
*820 South Valley View Blvd. Las Vegas, Nevada 89107*
*Phone (702) 435-4175 ■ Fax (702) 877-7424*

- 2 -

ORDR
David B. Sanders, Esq. (7895)
Huong X. Lam, Esq. (10916)
THE COOPER CASTLE LAW FIRM, LLP
820 S. Valley View Blvd.
Las Vegas, Nevada 89107
(702) 435-4175 Telephone
*Attorneys for Defendant*
*Noteworld, LLC*

FILED

Jan 20   3 59 PM '10

Clerk of the court

## DISTRICT COURT
## CLARK COUNTY, NEVADA

| | |
|---|---|
| MARK BERNSTEIN, an Individual | ) |
| | ) |
| Plaintiff, | ) Case No. A-09-596386-C |
| vs. | ) |
| | ) Dept. No. IX |
| NOTEWORLD, LLC, a Foreign Limited | ) |
| Liability Company; SALVADOR | ) |
| RODRIGUEZ, an Individual; DOES I – X, | ) **ORDER ON HEARING** |
| Inclusive; and ROE Corporations I – X, | ) **NOVEMBER 24, 2009** |
| Inclusive, | ) |
| Defendants. | ) |
| | ) |
| | ) |

This matter, having come before the Court on November 24, 2009, Defendant

NOTEWORLD, LLC, ("Noteworld"), having appeared by and through counsel Huong X. Lam,

Esq., of The Cooper Castle Law Firm, and Plaintiff MARK BERNSTEIN having appeared by

and through counsel Malcolm LaVergne, Esq., of The LaVergne Law Group, the Court having

considered the Motion, Opposition and Countermotion, Reply and Opposition, and arguments

of counsel under NRCP 56 and good cause appearing, sets forth the Findings of Fact,

Conclusions of Law and Order as follows:

### FINDINGS OF FACT:

This matter deals with real property located in Las Vegas, Nevada, commonly known as

2517 E. Tonopah Ave., N. Las Vegas, NV 89030, APN 139-24-410-005 (hereinafter the

"Property");

- i -

THE COOPER CASTLE LAW FIRM, LLP
820 South Valley View Blvd. Las Vegas, Nevada 89107
Phone (702) 435-4175 ■ Fax (702) 877-7424

1.  The Property was purchased on or about July 1, 1980 by Plaintiff MARK BERNSTEIN ("Plaintiff" or "Bernstein") and his then wife, Karen Bernstein from Sycamore Properties;

2.  The Note on the loan was secured by first and second Deeds of Trusts, dated July 1, 1980, executed by Bernstein and his then wife, Karen Bernstein. The first and second Deeds of Trusts were recorded on July 9, 1980 as Instrument No. 1209825 in Book 1250, and Instrument No. 1209826 in Book 1250 in the Official Records in the County Recorder's Office of Clark County, Nevada;

3.  On or about June 13, 1994, the first and second Deeds of Trusts were assigned to Salvador Rodriguez. The Assignments of the first and second Deeds of Trusts were recorded on June 22, 1994 at Instrument No. 199406220001554 and Instrument No. 199406220001555;

4.  Noteworld has no claim to title or possession in the Property. No amount of discovery will reveal documents that will change the fact that Noteworld makes no claim to possession or interest in the Property.

CONCLUSIONS OF LAW:

1.  Summary judgment is appropriate because the pleadings and evidence demonstrate no genuine material issue remains to be decided in regards to Plaintiff's claim for Quiet Title against Noteworld;

2.  Plaintiff's claim against Noteworld for Quiet Title fails as a matter of law;

3.  Plaintiff may submit a proposed Second Amended Complaint.

NOW THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:

1.  The foregoing recitals are hereby incorporated herein;

2.  Summary Judgment is appropriate in this matter because the pleadings and evidence demonstrate that no genuine material issue of facts remains to be

1   decided as to Plaintiff's First Cause of Action for Quiet Title Against

2   Noteworld;

3      3. Plaintiff may submit a proposed Second Amended Complaint within 20 days of

4   entry of this order.

5   DATED this _____ day of January, 2010.

6

7                                    **JENNIFER P. TOGLIATTI**

8                                    DISTRICT COURT JUDGE

9

Respectfully Submitted By:

10

THE COOPER CASTLE LAW FIRM,
11  LLP

12

David B. Sanders, Esq. (7895)
13  Huong X. Lam, Esq. (10916)
    820 S. Valley View Boulevard
14  Las Vegas, NV 89107
    (702) 435-4175 Telephone
15  *Attorneys for Defendant*
    *Noteworld, LLC*

16

17

18

19

20

21

22

23

24

- 3 -

THE COOPER CASTLE LAW FIRM, LLP
820 South Valley View Blvd. Las Vegas, Nevada 89107
Phone (702) 435-4175 ∎ Fax (702) 877-7424

# The LaVergne Law Group
### Attorneys and Counselors at Law
320 East Charleston Boulevard, Suite 203
Las Vegas, Nevada 89104
Telephone: (702)448-7981 Facsimile: (702)966-3117

MALCOLM P. LAVERGNE, ESQ.
Licensed in New York, Texas and Nevada

---

January 21, 2010

*Via facsimile (702) 384-4789*

Department 9
Eighth Judicial District
Regional Justice Court
200 Lewis Avenue
Las Vegas, Nevada 89155

Re:   Mark Bernstein v. Noteworld, LLC et. al
       Case No.: A 596386

Dear Department 9:

   We are in receipt of Ms. Lam's letter dated January 21, 2010. This correspondence is to inform you that we did not receive any correspondence from Ms. Lam on December 30, 2009. Further, the changes that were incorporated into the Order were incomplete. Please forward said Order to our office for final review and signature.

   Thank you for your attention to this matter.

Sincerely,

Malcolm P. LaVergne, Esq.

MPL/hc

Cc:   Huong X. Lam, Esq. – Via facsimile (702) 877-7424



THE
# COOPER CASTLE
L A W  F I R M .  L L P
A MULTIJURISDICTIONAL LAW FIRM

January 21, 2010

*Via Hand Delivery*

Department 9
Eighth Judicial District Court
Regional Justice Center
200 Lewis Ave.
Las Vegas, NV 89155

     Re: Mark Bernstein vs. Noteworld, LLC et al.
      Case No.: A596386

Dear Department 9,

Please accept and incorporate this letter into the Order on Hearing November 24, 2009
that was dropped off at your chambers on January 8, 2010.

At the aforementioned hearing, it was ordered that the opposing counsel, Malcolm
LaVergne, must approve the proposed order as to form and content. A proposed order
was drafted and sent to Mr. LaVergne on November 24, 2009. He responded with
suggested changes on December 4, 2009. We incorporated the changes and sent the
proposed order back to Mr. LaVergne for approval on December 8, 2009. Receiving no
response, we updated the proposed order and sent it to Mr. LaVergne on December 30,
2009 with the request that he respond no later than January 6, 2010. We have yet to
receive a response. With that said, please consider granting the proposed Order on
Hearing November 24, 2009.

Thank you for your kind consideration. Please do not hesitate to contact me should you
have any questions at (702 )435-4175, ext. 4104

Sincerely,

Huong X. Lam, Esq.
Licensed in Nevada

Cc: Malcolm LaVergne

**LAS VEGAS • PHOENIX • DENVER • SALT LAKE CITY • CASPER • ALBUQUERQUE • PANAMA**

*In Affiliation with Castle, Meinhold & Stawiarski*

**820 South Valley View Blvd., Las Vegas, Nevada 89107**
**Telephone (702) 435-4175 • Facsimile (702) 877-7424**

Electronically Filed
02/09/2010 03:06:16 PM

**CLERK OF THE COURT**

1 | **MATF**
David B. Sanders, Esq.
2 | Nevada State Bar No. 7895
Huong X. Lam, Esq.
3 | Nevada State Bar No. 10916
THE COOPER CASTLE LAW FIRM, LLP
4 | 820 S. Valley View Blvd.
Las Vegas, Nevada  89107
5 | (702) 435-4175 Telephone
*Attorneys for Defendant*
6 | *Noteworld, LLC*

7

# DISTRICT COURT
## CLARK COUNTY, NEVADA

8

9 | MARK BERNSTEIN, an Individual                )
                                                )
10 |                    Plaintiff,               )   Case No. A-09-596386-C
                vs.                             )
11 |                                            )   Dept. No. IX
     NOTEWORLD, LLC,  a Foreign Limited         )
12 | Liability Company; SALVADOR                 )
     RODRIGUEZ, an Individual; DOES I – X,      )
13 | Inclusive; and ROE Corporations I – X,      )
     Inclusive,                                 )
14 |                    Defendants.             )
                                                )
15 | _____ )

16 | ## MOTION FOR ATTORNEY'S FEES AND COSTS

17 |         COMES NOW Defendants, NOTEWORLD, LLC (hereinafter "Noteworld") by and

18 | through its counsel of record, THE COOPER CASTLE LAW FIRM, LLP, and hereby moves

19 | this Court pursuant to NRS 18.010(2)(b) for an award of attorney's fees and costs.

20 |         This Motion is made and based upon the attached Memorandum of Points and

21 | Authorities, the pleadings and papers on file herein, and any argument of counsel the court may

22 | consider at the hearing of this Motion.

23 | / / /

24 | / / /

THE COOPER CASTLE LAW FIRM, LLP
820 South Valley View Blvd. Las Vegas, Nevada 89107
Phone (702) 435-4175 o Fax (702) 877-7424

## NOTICE OF MOTION

TO: ALL PARTIES OF INTEREST

PLEASE TAKE NOTICE that on the ⟶18 day of ⟶March, 2010, at the hour of ⟶chambers.m, in Department 9 , or as soon thereafter as counsel may be heard, the undersigned will bring the foregoing Motion for hearing before the above-referenced Court.

Dated this 9th day of February, 2010.

THE COOPER CASTLE LAW FIRM, LLP

*/s/ Huong X. Lam, Esq.*
David B. Sanders, Esq.
Nevada State Bar No. 7895
Huong X. Lam, Esq.
Nevada State Bar No. 10916
820 S. Valley View Boulevard
Las Vegas, NV 89107
(702) 435-4175 Telephone
Attorneys for Defendant
Noteworld, LLC

## POINTS AND AUTHORITIES

**A.    Brief Summary**

This matter deals with real property located in Las Vegas, Nevada, commonly known as 2517 E. Tonopah Ave., N. Las Vegas, NV 89030, APN 139-24-410-005 (hereinafter the "Property"). The Property was purchased on or about July 1, 1980 by Plaintiff MARK BERNSTEIN ("Plaintiff" or "Bernstein") and his then wife, Karen Bernstein from Sycamore Properties. (**See Exhibit A**). The Note on the loan was secured by first and second Deeds of Trusts, dated July 1, 1980, executed by Bernstein and his then wife, Karen Bernstein. (**See Exhibit B**). The first and second Deeds of Trusts were recorded on July 9, 1980 as Instrument

- 2 -

THE COOPER CASTLE LAW FIRM, LLP
820 South Valley View Blvd. Las Vegas, Nevada 89107
Phone (702) 435-4175 ◇ Fax (702) 877-7424

No. 1209825 in Book 1250, and Instrument No. 1209826 in Book 1250 in the Official Records in the County Recorder's Office of Clark County, Nevada. **(See Exhibit C)**.

On or about June 13, 1994, the first and second Deeds of Trusts were assigned to Salvador Rodriguez. The Assignments of the first and second Deeds of Trusts were recorded on June 22, 1994 at Instrument No. 199406220001554 and Instrument No. 199406220001555. **(See Exhibit D)**. On or about July 30, 2009, Bernstein filed the instant lawsuit for Quiet Title pursuant to NRS 40.010. Upon service of the Complaint, Noteworld contacted counsel for Bernstein and requested voluntary dismissal from the case because Noteworld is the servicer of the loan and "makes no claim to possession – in full or in part – to the properties at issue." **(See Exhibit E)**. Despite this request, Noteworld was not dismissed from this case and as a consequence, has had to retain counsel and incur fees and costs to defend this matter.

Upon Noteworld's Motion to Dismiss, a hearing was held on November 24, 2009, and this Court held that summary judgment is appropriate in this matter because the pleadings and evidence demonstrate that no genuine material issue of facts remains to be decided as to Plaintiff's First Cause of Action for Quiet Title Against Noteworld. This Court also granted Plaintiff's Countermotion for Leave to File an Amended Complaint. On January 20, 2010, the Order on Hearing held on November 24, 2009 was entered whereby Plaintiff Bernstein was permitted 20 day within entry of the Order to submit his Amended Complaint. Plaintiff has not done so.

**B.     Legal Standard**

NRS 18.010(2)(b) permits an award of attorney's fees when a claim "was brought without reasonable grounds to harass the prevailing party." *See United Ins. Co. of Am. v. Chapman Indus.*, 120 Nev. 745, 748, 100 P.3d 664 (2004). A frivolous claim is one that is baseless, *i.e.*, not well grounded in fact and warranted by existing law or a good faith argument

THE COOPER CASTLE LAW FIRM, LLP
820 South Valley View Blvd. Las Vegas, Nevada 89107
Phone (702) 435-4175 ○ Fax (702) 877-7424

- 3 -

1    for the extension, modification, or reversal of existing law, and brought by an attorney without

2    reasonable and competent inquiry. *Simonian v. Univ. & Cmty. Coll. Sys.*, 122 Nev. 187, 128

3    P.3d 1057, 1063-65 (2006). A claim is groundless if it is fraudulent, especially if it is brought

4    in bad faith or if the allegations of the complaint are not supported by any credible evidence at

5    trial. *Allianz Ins. Co. v. Gagnon*, 109 nev. 990, 995-96, 860 P.2d 720 (1993). To support an

6    award of attorneys fees on such grounds, "there must be evidence in the record supporting the

7    proposition that the complaint was brought without reasonable grounds or to harass the other

8    party." *Kahn v. Morse &Mowbray*, 121 Nev. 464, 479, 117 P.3d 227, 238 (2005).

9            Additionally, NRS 18.010 provides that courts are to liberally construe NRS

10   18.010(2)(b) in favor of awarding attorney's fees in all situations. The legislature expressed an

11   intent that the court award attorney's fees and impose sanctions under NRCP 11 in all

12   appropriate situations to punish for and deter frivolous or vexatious claims and defenses

13   because such claims and defenses overburden limited judicial resources, hinder the timely

14   resolution of meritorious claims and increase the costs of engaging in business and providing

15   professional services to the public. *See also Trs. Of Plumbers & Pipefitters Union Local 525*

16   *Health &Welfare Trust Plan v. Developers Surety & Indem. Co.*, 120 Nev. 56, 84 P.3d 59

17   (2004) (suggesting the portion of the 2003 amendment stating that the court "shall liberally

18   construe the provisions of this paragraph in favor of awarding attorney's fees in all appropriate

19   situations" also applies to NRS 18.010(2)(a)). Importantly, the bringing of one or more

20   colorable claims does not excuse the bringing of other groundless claims. *See Barozzi v.*

21   *Benna*, 112 Nev. 635, 918 P.2d 301 (1996); *Bergman v. Boyce*, 109 Nev. 670, 856 P.2d 560

22   (1993).

23   ///

24   ///

THE COOPER CASTLE LAW FIRM, LLP
820 South Valley View Blvd. Las Vegas, Nevada 89107
Phone (702) 435-4175 ◊ Fax (702) 877-7424

- 4 -

**C.      An Award of Attorney's Fees and Costs is Appropriate in this Situation.**

In the instant matter, upon service of the Complaint and prior to retaining counsel,

Noteworld contacted counsel for Bernstein and requested voluntary dismissal from the case

because Noteworld is the servicer of the loan and "makes no claim to possession – in full or in

part – to the properties at issue." (**See Exhibit E**).  Despite this request, Noteworld was not

dismissed from this case and as a consequence, has had to retain counsel and incur fees and

costs to defend this matter.

Bernstein's Complaint for Quiet Title is frivolous because it is not grounded in fact and

warranted by existing law.  Noteworld was merely the servicer of the subject Note and Deed of

Trust and stated so in their letter to Bernstein upon service of the Complaint.  An award of

attorney's fees is appropriate in this situation because Bernstein's Quiet Title action against

Noteworld was frivolous and vexatious, overburdened limited judicial resources hindered the

timely resolution of meritorious claims and increased Noteworld's costs of engaging in

business and providing professional services to the public.

Bernstein's refusal to voluntarily dismiss Noteworld from the matter forced Noteworld

to retain counsel in order to prepare and draft a Motion to Dismiss, a Reply in Support of the

Motion to Dismiss and to appear at the hearing on the Motion.  An award of attorney's fees and

costs is appropriate in this situation based on the fact that Bernstein refused to voluntarily

dismiss Noteworld from the Quiet Title action when Noteworld expressly stated that they make

no claim, in full or in part, to the Property.

Noteworld has incurred $4,430.00 thus far in attorney's fees and costs in defending this

matter.  It is anticipated that Noteworld will incur an additional $750.00 for having to prepare

this Motion for Attorney's Fees and Costs and to attend the hearing.  (Please see attached

Affidavit at **Exhibit F**).

THE COOPER CASTLE LAW FIRM, LLP
820 South Valley View Blvd. Las Vegas, Nevada 89107
Phone (702) 435-4175 ◊ Fax (702) 877-7424

- 5 -

**D.      Conclusion**

Based on the foregoing, Defendant Noteworld respectfully requests an award of attorney's fees and costs for having to defend this case and to submit this motion.

DATED this 9th day of February, 2010.

THE COOPER CASTLE LAW FIRM, LLP

/s/ Huong X. Lam, Esq.
David B. Sanders, Esq.
Nevada State Bar No. 7895
Huong X. Lam, Esq.
Nevada State Bar No. 10916
820 S. Valley View Boulevard
Las Vegas, NV 89107
(702) 435-4175 Telephone
*Attorneys for Defendant*
*Noteworld, LLC*

THE COOPER CASTLE LAW FIRM, LLP
820 South Valley View Blvd. Las Vegas, Nevada 89107
Phone (702) 435-4175 ◊ Fax (702) 877-7424

– 6 –

# Exhibit "A"

# Exhibit "A"

R.P.T. 1250

1209824

# GRANT, BARGAIN, SALE DEED

THIS INDENTURE WITNESSETH: That __SYCAMORE PROPERTIES, a Partnership__

FOR A VALUABLE CONSIDERATION, the receipt of which is hereby acknowledged, do hereby Grant, Bargain,
Sell and Convey to __MARK G. BERNSTEIN AND KARIN BERNSTEIN, husband and wife as joint tenants,__

all that real property situated in the _____ County of ____CLARK____
State of Nevada, bounded and described as follows:

Lot Five (5) in Block One (1) of COLLEGE PARK NO. 3, as shown by map thereof on file in Book
4 of Plats, page 49, in the Office of the County Recorder of Clark County, Nevada.

SUBJECT TO:   1.   Taxes for the fiscal year 1979-1980.

2.   Reservations, restrictions and conditions, if any; rights of way
     and easements, either of record or actually existing on said premises.

3.   Deed of Trust of record.

Together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in anywise
appertaining.

Witness __his__ hand _____ this __13th__ day of _____June_____, 1980.

SYCAMORE PROPERTIES, a Partnership
BY: _____

STATE OF NEVADA    }
COUNTY OF __CLARK__ } SS.

On __7/2/80__
personally appeared before me, a Notary Public,
__LOUIE WARNARS__

who acknowledged that __he__ executed the above
instrument.

Signature _____
(Notary Public)

(Notarial Seal)

ESCROW NO.)      8006-60LR
ORDER NO.  )
WHEN RECORDED MAIL TO: __MARK & KARIN BERNSTEIN__
c/o 3300 S. Jones, Suite 101, L.V. NV 89102

NOTARY PUBLIC
STATE OF NEVADA
County of Clark
LESLIE E. EMMERICH
My Appointment Expires Aug. 10, 1982

CLARK COUNTY NEVADA
JOAN L. SAITZ, RECORDER
RECORDED AT REQUEST OF
LAND TITLE OF NEVADA
Jul  9   9 55 AM '80
FEE __3.00__  DEPUTY _____
OFFICIAL RECORDS
BOOK      INSTRUMENT

**1250**   **1209824**

# Exhibit "B"

# Exhibit "B"

DO NOT DESTROY THIS NOTE. When paid, this note with Deed of Trust securing same must be surrendered to Trustee for cancellation before reconveyance will be made.

## Note Secured by Deed of Trust

### STRAIGHT NOTE

No. _____

$ 9,140.98 _____ Las Vegas _____ Nevada, _____ July 1, _____ 19 80

ALL DUE AND PAYABLE ON OR BEFORE SEPTEMBER 1, 1983 _____ after date, for

value received, undersigned promise to pay to _____ SYCAMORE PROPERTIES, a Partnership _____ or order, at

LAS VEGAS, NEVADA, OR AS DIRECTED _____ the sum of _____

NINE THOUSAND ONE HUNDRED FORTY AND 98/100 _____ DOLLARS,

with interest from _____ July 1, 1980 _____ until paid, at the rate of _____ TWELVE _____ 12% _____ per cent per

annum, payable _____ monthly beginning September 1, 1980 and continuing until September 1, 1983
at which time the entire balance of principal and interest shall be paid. _____ Should default be made in
payment of any principal or interest or in the performance of any obligation contained in the Deed of Trust by which
this note is secured, the whole sum of principal and interest shall become immediately due at the option of the holder
hereof. Principal and interest payable in lawful money of the United States. If action be instituted on this note I
promise to pay such sum as the Court may fix as attorney's fees in said action. This note is secured by a DEED OF TRUST, of even date herewith, to HERITAGE
TITLE AND ESCROW, Trustee. In the event any payment is more than 15 days late, a late charge
penalty of $10.00 shall be paid in the event such payment is more than 15 days late, a late charge
his interest in and to the real property described in the Deed of Trust by which
given as security for this note, then in that event payment of this note shall be
accelerated and the entire balance of
principal and interest shall become
immediately due and payable at the option
of the Beneficiary.

KAREN BERNSTEIN
_____
MARK BERNSTEIN

# Note Secured by Deed of Trust

### STRAIGHT NOTE

No. _____

Las Vegas _____ Nevada, _____ July 1 _____ 19 ___

$ 4,600.00 _____

ALL DUE AND PAYABLE ON OR BEFORE SEPTEMBER 1, 1983

_____ after date, for

value received, undersigned promise to pay to _____ SYCAMORE PROPERTIES, a Partnership,

LAS VEGAS, NEVADA, OR AS DIRECTED _____, or order, at

FOUR THOUSAND SIX HUNDRED AND NO/100 _____ the sum of

_____ DOLLARS,

with interest from _____ July 9, 1980 _____ until paid, at the rate of _____ TEN _____ 10% _____ per cent per

annum, payable _____ monthly beginning September 1, 1980, and continuing until September 1, 1983

at which time the balance of principal and interest shall be paid. Should default be made in

payment of any principal or interest or in the performance of any obligation contained in the Deed of Trust by which

this note is secured, the whole sum of principal and interest shall become immediately due at the option of the holder

hereof. Principal and interest payable in lawful money of the United States. If action be instituted on this note I

renders any obligation secured by such Deed of Trust, undersigned promise to pay such sum as the Court may fix as

attorney's fees in said action. This note is secured by a DEED OF TRUST of even date herewith, to HERITAGE

TITLE AND ESCROW, Trustee. In the event any payment is more than 15 days late, a late charge

penalty of $10.00 shall be paid. In the event _____ should sell or convey

his interest in and to the real property _____ then in that

event payment of this note shall be accelerated

and the entire balance of principal and interest

shall become immediately due and payable at the

option of the Beneficiary.

_____ KAREN C. BERNSTEIN _____

_____

THE COPY SHOP—81

# Exhibit "C"

# Exhibit "C"

BOOK 1250           1209825

THIS DEED OF TRUST, made this ___1st___ day of _____ July _____ 19 80

between MARK G. BERNSTEIN AND KARIN BERNSTEIN, husband and wife

_____ herein called GRANTOR or TRUSTOR.

whose mailing address is __

## HERITAGE TITLE AND ESCROW, a NEVADA corporation, herein called Trustee. and

SYCAMORE PROPERTIES, a Partnership

herein called BENEFICIARY.

WITNESSETH THAT WHEREAS Trustor has borrowed and received from Beneficiary in lawful money of the United States the sum of

FOUR THOUSAND SIX HUNDRED AND NO/100-----------------($4,600.00)-------------------- DOLLARS,
and has agreed to repay the same with interest, to Beneficiary in lawful money of the United States according to the terms of a promissory note of even date herewith executed and delivered hereby by Trustor;

NOW THEREFORE, for the purpose of securing each agreement of the Trustor herein contained including payment of the said promissory note and of any money which Trustor herein that may be advanced by or otherwise hereto due to Trustee or Beneficiary under the provisions hereof and for the purpose of securing payment of such additional sums as may hereafter be advanced for the account of Trustor by Beneficiary with interest thereon,

TRUSTOR irrevocably GRANTS AND TRANSFERS TO TRUSTEE, in TRUST WITH POWER OF SALE, all that property in ___CLARK___ County, hereto described as,

Lot Five (5) in Block One (1) of COLLEGE PARK NO. 3, as shown by map thereof on file in Book 4 of Plats, page 49, in the Office of the County Recorder of Clark County, Nevada.

In the event the Grantor herein named shall sell or convey his interest in and to the real property herein described, then in that event payment of the Note secured hereby shall be accelerated and the entire balance of principal and interest shall become immediately due and payable at the option of the Beneficiary.

TOGETHER WITH all appurtenances in which Trustor has any interest, including water rights benefiting said realty whether represented by shares of a company or otherwise, and

TRUSTOR ALSO ASSIGNS to Beneficiary all rents, issues and profits of said realty, reserving the right to collect and use the same except during continuance of some default hereunder and during continuance of such default, authorizing Beneficiary to collect and enforce the same by any lawful means in the name of any party hereto

TO HAVE AND TO HOLD said property upon and subject to the trusts and agreements herein set forth and incorporated herein by reference. The following covenants, Nos. 1, 2, 3, 4, 5, 6, 7, 8 and 9 of NRS 107.030 are hereby adopted and made a part of this deed of trust, EXCEPT ONLY that the amounts agreed upon by the parties to this instrument with respect to covenants Nos. 2, 6 and 7 incorporated by reference of such trusts and agreements is respectively as follows; Covenant No. 2, _____; Covenant No. 6, _____%; Covenant No. 7, _____%. Such provisions so incorporated shall have the same force and effect as though specifically set forth and incorporated herein in this deed of trust.

THE UNDERSIGNED TRUSTOR REQUESTS that a copy of any notice of default and any notice of sale hereunder be mailed to him at the address hereinbefore set forth.

IN WITNESS WHEREOF, Grantor has executed this instrument.

*[Signature]*           Signature of Trustor

MARK G. BERNSTEIN        *[Signature: Karin Bernstein]*
                  KARIN BERNSTEIN

STATE OF NEVADA

COUNTY OF ___CLARK___

On this ___9th___ day of ___July___ 19 80 personally appeared before me, a Notary Public in and for said County, MARK G. BERNSTEIN & KARIN BERNSTEIN

known to me to be the person described in and who executed the foregoing instrument, who acknowledged to me that __he__ executed the same freely and voluntarily and for the uses and purposes herein mentioned.

WITNESS my hand and official seal.

*[Signature: Leslie E. Emmerich]*
Notary Public in and for said County and State.

(If executed by a corporation the appropriate form of acknowledgment must be used.)

(NOTARIAL SEAL)

**NOTARY PUBLIC
STATE OF NEVADA
County of Clark
LESLIE E. EMMERICH
My Appointment Expires Aug. 16, 1983**

Order No. 8006-60LR     When Recorded, Mail to

*Land Title*

CLARK COUNTY NEVADA
JOAN L SWIFT, RECORDER
RECORDED AT REQUEST OF
LAND TITLE OF NEVADA
JUL 9 9 55 AH '80
FEE 3W DEPUTY AL
OFFICIAL RECORDS
BOOK INSTRUMENT

1250      1209825

THE COPY SHOP-11

**BOOK 1250**                                    **1209826**

THIS DEED OF TRUST, made this ___1st___ day of _____ July _____ 19 80

between __MARK G. BERNSTEIN AND KARIN BERNSTEIN, husband and wife__

_____ herein called GRANTOR or TRUSTOR,

whose mailing address is _____

**HERITAGE TITLE AND ESCROW, a NEVADA corporation, herein called Trustee, and**

SYCAMORE PROPERTIES, a Partnership

_____ herein called BENEFICIARY.

WITNESSETH: THAT WHEREAS Trustor has borrowed and received from Beneficiary in lawful money of the United States the sum of

NINE THOUSAND ONE HUNDRED FORTY AND 98/100----------------($9,140.98)----------------DOLLARS,

Lot Five (5) in Block One (1) of COLLEGE PARK NO. 3, as shown by map thereof on file in
Book 4 of Plats, page 49, in the Office of the County Recorder of Clark County, Nevada.

In the event the Grantor herein named shall sell or convey his interest in and to the real
property herein described, then in that event payment of the Note secured hereby shall be
accelerated and the entire balance of principal and interest shall become immediately due
and payable at the option of the Beneficiary.

MARK G. BERNSTEIN                                    Signature of Trustor

                                                     KARIN BERNSTEIN

STATE OF NEVADA,
COUNTY OF ___CLARK___

On this _____ day of _____ July _____ 20

personally appeared before me a Notary Public in and for said

County,  MARK G. BERNSTEIN AND KARIN BERNSTEIN

Order No. _____      When Recorded, Mail to

                        Land Title
                        823 So 3rd
                        L.V. Nev.

NOTARY PUBLIC
STATE OF NEVADA
County of Clark
LESLIE E. EMMERICH
My Appointment Expires Aug. 10, 1983

THE COPY SHOP -11

CLARK COUNTY NEVADA
JOAN L. SWIFT, RECORDER
RECORDED AT REQUEST OF
LAND TITLE OF NEVADA
JUL 9   9 55 FM '80
FEE 3rd  DEPUTY
OFFICIAL RECORDS
BOOK       INSTRUMENT
**1250**  **1209826**

# Exhibit "D"

# Exhibit "D"

RECORDING REQUESTED BY

## 9406 2201554

AND WHEN RECORDED MAIL TO

NAME: HILL & SANDFORD
ADDRESS: 800 PRESIDIO AVE
CITY & STATE: SANTA BARBARA CA 93101

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# Assignment of Deed of Trust

L-42

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to **Salvador Rodriguez, a married man**

all beneficial interest under that certain Deed of Trust dated  July 1, 1980
executed by    Mark G. Bernstein and Karin Bernstein

, Trustor
to  Heritage Title and Escrow                                                     , Trustee,
and recorded as Instrument No.   1209825        on  July 9, 1980               in book   1250
page         , of Official Records in the County Recorder's office of    Clark County, Nevada       County,
California, describing land therein as:

> Lot Five (5) in Block One (1) of COLLEGE PARK NO. 3, as shown by map thereof on file in Book 4 of Plats, page 49, in the Office of the County Recorder of Clark County, Nevada.

RECORDER'S MEMO
POSSIBLE POOR RECORD DUE TO
QUALITY OF ORIGINAL DOCUMENT

TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust.

Dated : June 13, 1994

STATE OF CALIFORNIA
COUNTY OF_____ } SS.
On this the _____ day of _____, 19 ___, before me,
the undersigned, a Notary Public in and for said County and State,
personally appeared
_____, personally known to me or
proved to me on the basis of satisfactory evidence to be the person(s)
whose name(s) subscribed to the within instrument and acknow-
ledged that _____ executed the same.

CASA CARRILLO PROPERTIES, a Partnership

By: _____
    Salvador Rodriguez, General Partner

Witness: _____
         MARCIA BEHRINGER

FOR NOTARY SEAL OR STAMP

Title Order No._____   Escrow No._____

**SUBSCRIBING WITNESS CERTIFICATE ("WITNESS JURAT")**

State of ___California___

County of _Santa Barbara_

On this the __16th__ day of ___June___ 19 _94_, before me, the undersigned Notary Public, personally appeared __Marcia Gehringer__

<small>NAME OF SUBSCRIBING WITNESS</small>

☐ personally known to me — OR — ☐ proved to me on the oath/affirmation of

_____ who is personally known to me,

<small>NAME OF PERSON (CREDIBLE WITNESS) WHO IDENTIFIES SUBSCRIBING WITNESS</small>

to be the person whose name is subscribed to the within instrument as a witness thereto, who, being by me duly sworn, deposes and says that __she__ (he/she) was present and saw

__Salvador Rodriguez__

<small>NAME OF ABSENT PRINCIPAL SIGNER</small>

the same person described in and whose name is subscribed to the within and annexed instrument as a party thereto, execute the same, and that said affiant subscribed __her__ (his/her) name to the within instrument as a witness at the request of

__Salvador Rodrigues__

<small>NAME OF PRINCIPAL SIGNER (AGAIN)</small>

<small>SIGNATURE OF NOTARY</small>

**OFFICIAL SEAL**
Michael L. Sandford
NOTARY PUBLIC - CALIFORNIA
SANTA BARBARA COUNTY
My Comm. Expires Aug. 21, 1996

**━━ OPTIONAL ━━**

Though the data below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent reattachment of this form.

**CAPACITY CLAIMED BY SIGNER (PRINCIPAL)**

☐ INDIVIDUAL
☐ CORPORATE OFFICER

<small>TITLE(S)</small>

☒ PARTNER(S)     ☐ LIMITED
                 ☒ GENERAL
☐ ATTORNEY-IN-FACT
☐ TRUSTEE(S)
☐ GUARDIAN/CONSERVATOR
☐ OTHER: _____

**ABSENT SIGNER (PRINCIPAL) IS REPRESENTING:**
<small>NAME OF PERSON(S) OR ENTITY(IES)</small>
_CASA CARRILLO PROPERTIES_

**DESCRIPTION OF ATTACHED DOCUMENT**

_ASSIGNMENT OF DEED OF TRUST_
<small>TITLE OR TYPE OF DOCUMENT</small>

_one_
<small>NUMBER OF PAGES</small>

_6-13-94_
<small>DATE OF DOCUMENT</small>

_none_
<small>SIGNER(S) OTHER THAN NAMED ABOVE</small>

<small>©1993 NATIONAL NOTARY ASSOCIATION • 8236 Remmet Ave., P.O. Box 7184 • Canoga Park, CA 91309-71</small>



CLARK COUNTY, NEVADA
JOAN L. SWIFT, RECORDER
RECORDED AT REQUEST OF:
HILL & SANDFORD
06-22-94  15:31   KAK      3
OFFICIAL RECORDS
BOOK: 940622  INST: 01554
FEE:    9.00  RPTT:         .00

RECORDING REQUESTED BY

9406 2201555



AND WHEN RECORDED MAIL TO

NAME HILL & SANDFORD
ADDRESS 800 ☒ PRESIDIO AVE
CITY & STATE SANTA BARBARA CA 93101

———— SPACE ABOVE THIS LINE FOR RECORDER'S USE ————

# Assignment of Deed of Trust

**FOR VALUE RECEIVED**, the undersigned hereby grants, assigns and transfers to **Salvador Rodriguez, a married man**
all beneficial interest under that certain Deed of Trust dated   July 1, 1980
executed by Mark G. Bernstein and Karin Bernstein

. Trustor
, Trustee,
to  Heritage Title and Escrow
and recorded as Instrument No. 1209826         on July 9, 1980          in book 1250
page        , of Official Records in the County Recorder's office of Clark County, Nevada        ~~County~~
~~xxCalifornia~~ describing land therein as:

Lot Five (5) in Block One (1) of COLLEGE PARK NO. 3, as shown by map thereof on
file in Book 4 of Plats, page 49, in the Office of the County Recorder of Clark County,
Nevada.

**RECORDER'S MEMO**
**POSSIBLE POOR RECORD DUE TO**
**QUALITY OF ORIGINAL DOCUMENT**

TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon with
interest, and all rights accrued or to accrue under said Deed of Trust.

Dated   June 13, 1994

STATE OF CALIFORNIA
COUNTY OF_____  } SS.
On this the _____ day of _____ 19__ before me,
the undersigned, a Notary Public in and for said County and State,
personally appeared

_____ personally known to me or
proved to me on the basis of satisfactory evidence to be the person(s)
whose name(s) subscribed to the within instrument and acknow-
ledged that _____ executed the same.

_____

CASA CARRILLO PROPERTIES, A Partnership

By _____
   Salvador Rodriguez, General Partner

Witness Marcia Gehringer

MARCIA GEHRINGER

FOR NOTARY SEAL OR STAMP

Title Order No._____  Escrow No._____

**SUBSCRIBING-WITNESS CERTIFICATE ("WITNESS JURAT")**                                     No. 5806

State of __California__

County of __Santa Barbara__

On this the __16th__ day of _____June_____ 19 __94__ before me, the undersigned

Notary Public, personally appeared__Marcia Gehringer__
                                                                    NAME OF SUBSCRIBING WITNESS

☒ **personally known to me** - OR - ☐ proved to me on the oath/affirmation of
                                                                        , who is personally known to me,
NAME OF PERSON (CREDIBLE WITNESS) WHO IDENTIFIES SUBSCRIBING WITNESS

to be the person whose name is subscribed to
the within instrument as a witness thereto, who,
being by me duly sworn, deposes and says that
___she___ (he/she) was present and saw

__Salvador Rodriguez__
NAME OF ABSENT PRINCIPAL SIGNER

the same person described in and whose name
is subscribed to the within and annexed
instrument as a party thereto, execute the
same, and that said affiant subscribed
___her___ (his/her) name to the within
instrument as a witness at the request of

__Salvador Rodriguez__
NAME OF PRINCIPAL SIGNER (ABOVE)

OFFICIAL SEAL
Michael L. Sandford
NOTARY PUBLIC - CALIFORNIA
SANTA BARBARA COUNTY
My Comm. Expires Aug 31, 1996

SIGNATURE OF NOTARY

═══════ **OPTIONAL** ═══════

Though the data below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent reattachment of this form.

**CAPACITY CLAIMED BY SIGNER (PRINCIPAL)**

☐ INDIVIDUAL
☐ CORPORATE OFFICER

_____
                TITLE(S)

☒ PARTNER(S)      ☐ LIMITED
                            ☒ GENERAL
☐ ATTORNEY-IN-FACT
☐ TRUSTEE(S)
☐ GUARDIAN/CONSERVATOR
☐ OTHER:_____
_____

**ABSENT SIGNER (PRINCIPAL) IS REPRESENTING:**
NAME OF PERSON(S) OR ENTITY(IES)
_CASA CARRILLO PROPERTIES_

**DESCRIPTION OF ATTACHED DOCUMENT**

_ASSIGNMENT OF DEED OF TRUST_
TITLE OR TYPE OF DOCUMENT

_ONE_
NUMBER OF PAGES

_6-13-94_
DATE OF DOCUMENT

_none_
SIGNER(S) OTHER THAN NAMED ABOVE

©1993 NATIONAL NOTARY ASSOCIATION • 8236 Remmet Ave , P.O. Box 7184 • Canoga Park, CA 91309-7184



CLARK COUNTY, NEVADA
JOAN L. SWIFT, RECORDER
RECORDED AT REQUEST OF:
HILL & SANDFORD

06-22-94  15:22  KAK            3
OFFICIAL RECORDS
BOOK: 940622  INST: 01555
FEE:    9.00  RPTT:         .00

# Exhibit "E"

# Exhibit "E"

# NoteWorld
## Servicing Center

October 9, 2009

VIA FACSIMILE AND MAIL

Mr. Malcolm P. LaVergne, Esq.
The LaVergne Law Group
320 East Charleston Boulevard, Suite 203
Las Vegas, Nevada 89104

Re:  Mark Bernstein v. NoteWorld, LLC, *et al.* (Case No. A09596386-C)

Dear Mr. LaVergne:

I am in receipt of the Summons and Complaint filed in the District Court Clark County, Nevada, Case No. A09596386-C by your client, Mr. Mark Bernstein.

After reviewing the allegations and claims for relief set forth in the Complaint, I was somewhat perplexed; most notably, by the allegations contained in Paragraph 15. Contrary to the allegations set forth therein, our records reflect that Mr. Bernstein has not "completed his payments" or "paid in full" either note (Account No. 300020095001054 or Account No. 300020095001053). In fact, he continued to make regular monthly payments for the entire period of April 2008 through July 2009 on both accounts. The last payments received from Mr. Bernstein were recorded on July 27, 2009.

As an initial matter, NoteWorld makes no claim to possession – in full or in part – to the properties at issue. Therefore, your client's quiet title claim against NoteWorld is erroneous. Second, because your client has not satisfied the terms of either note by rendering payment in full, his quiet title action is generally faulty. As of July 27, 2009, the principal balancing remaining on Account No. 300020095001054 is approximately $8,728.80 and the principal balance remaining on Account No. 300020095001053 is approximately $4,584.80. Unless your client has proof of full payoff, and thus, that he has satisfied the terms of one or both notes, his quiet title claim has no basis in law or fact.

Mr. Bernstein's complaint also alleges that the notices NoteWorld sent him regarding late fees were erroneous because he has paid "on-time throughout the history of the note payments." According to our records, Mr. Bernstein failed to make the following payments:


1001 Pacific Avenue, Suite 200 • Tacoma, WA 98402
P.O. Box 2236 • Tacoma, WA 98401
(866) 765-9876 • Fax (253) 620-7005
w w w . n o t e w o r l d . c o m



Mr. Malcolm P. LaVigne
October 9, 2009
Page 2

**Account No. 300020095001053**
- September 2001
- March 2002
- July 2007

**Account No. 300020095001054**
- March 2002
- July 2007

Under the terms of each Note Secured by a Deed of Trust, copies of which are attached hereto, payment is due on the first day of each month and "[i]n the event any payment is more than 15 days late, a late charge penalty of $10.00 shall be paid." As indicated above, Account No. 300020095001053 was in arrears as of September 15, 2001 and started accruing a late penalty on September 16, 2001, and Account No. 300020095001054 was in arrears as of March 15, 2002 and started accruing a late penalty March 16, 2002. By notifying Mr. Bernstein that the accounts were accruing late penalties, NoteWorld acted consistent with the terms of the notes. If your client has some proof that payment was made on the above dates in a form of a cashed check or otherwise, please forward it to us immediately for further research. If your client has no proof, he may wish to seek a waiver of any late penalties that may be owed. To do so, however, he must contact Mr. Rodriguez directly. NoteWorld does not have the authority to waive late penalties; it is a matter between the parties. Notwithstanding the late penalty issue, even if Mr. Bernstein has proof that he made the unaccounted-for payments, the fact remains that he has not paid the notes in full and therefore, has not earned title to the properties at issue.

For the foregoing reasons, we would respectfully request that your client agree to voluntarily withdraw his Quite Title action against NoteWorld. If he will not agree to do so voluntarily, NoteWorld will be forced to hire an attorney in Nevada to oppose the action. In that case, NoteWorld will seek judgment against Mr. Bernstein for any attorneys' fees and costs incurred to oppose his Quiet Title action and/or to defend the claims Mr. Bernstein has brought against NoteWorld.

If you would like to discuss this matter further, please feel free to call me at (253) 620-7042. In any event, I will follow-up with you early next week regarding your client's decision with respect to our request. Thank you for your anticipated cooperation.

Sincerely,

Danielle H. Kiersztyn
General Counsel

Enclosures

# Exhibit "F"

# Exhibit "F"

## AFFIDAVIT OF HUONG X. LAM, ESQ. IN SUPPORT OF
## MOTION FOR ATTORNEY'S FEES AND COSTS

STATE OF NEVADA )
)ss
COUNTY OF CLARK )

HUONG X. LAM, ESQ., being first duly sworn deposes and states:

1. I am an attorney duly licensed to practice law in the State of Nevada; I am an associate attorney with The Cooper Castle Law Firm, LLP, and I represent Defendant Noteworld, LLC, in the case titled Bernstein v. Noteworld, LLC, et. al., District Court Case No. A-09-596386-C.

2. I make this affidavit in support of the Motion for Attorney's Fees and Costs and am competent to testify as to all matters contained herein.

3. That Noteworld has incurred attorney's fees and costs in this litigation through February 9, 2010, in the amount of $4,430.00. These attorney's fees and costs were incurred in reviewing all documents in the file, investigating the status of the title regarding the subject property; corresponding with attorney for Plaintiff Bernstein; preparing and drafting pleadings, including motions and order; communicating with my client; and conducting legal research.

4. That it is anticipated that an additional that Noteworld will incur an additional $750.00 for having to prepare and draft the present Motion for Attorney's Fees and Costs, supporting Affidavit, and to attend the hearing.

/ / /

/ / /

/ / /

- 1 -

5.  That the attorney's fees incurred represent the fair and reasonable value of the legal services necessarily performed to protect Noteworld's interests as a result of this litigation.

Further Affiant sayeth naught.

Dated this _____ day of February, 2010.

_____
HUONG X. LAM, ESQ.

**SUBSCRIBED AND SWORN TO** before me this _____ day of February, 2010.

_____
NOTARY PUBLIC in and for said County and State.

MADELEINE BURROUGHS
Notary Public, State of Nevada
Appointment No. 05-93700-1
My Appt. Expires June 21, 2012

- 2 -