UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARK BERNSTEIN, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> NOTEWORLD, LLC et al., ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:10-cv-00374-GMN-PAL <br><br> ORDER |

This case arises out of Defendant's attempts to collect late fees from Plaintiff on two promissory notes that are otherwise fully satisfied. Pending before the Court is Noteworld, LLC's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (ECF No.5). A response was due on April 5, 2010. Plaintiff has not responded. For the reasons given herein, the Court grants the motion to dismiss with leave to amend.

I.      FACTS AND PROCEDURAL HISTORY

Plaintiff Mark Bernstein owns property located at 2517 E. Tonopah Ave., Las Vegas, NV 89030 ("the Property"). (First Am. Compl. ¶ 1, ECF No. 1-2 Ex. 1). On or about July 1, 1980, Plaintiff made promissory notes for $9140.98 and $4600.00 to non-party Sycamore Properties, secured by deeds of trust against the Property. (*Id.* ¶¶ 7–8). On or about June 22, 1994, the notes and deed of trust passed to Defendant Salvador Rodriguez. (*Id.* ¶ 10). Defendant Noteworld, LLC ("Defendant") was the servicer of the notes. (*Id.* ¶ 11). In or about April 2008, Plaintiff satisfied both notes in full. (*Id.* ¶ 15). At some point in 2008, Defendant began sending Plaintiff notices of late fees dating back to January 10, 2000, which notices Defendant had never before sent to Plaintiff. (*Id.* ¶¶ 17–18).

Plaintiff sued Noteworld and Rodriguez in the Clark County District Court. The First Amended Complaint ("FAC") filed in that court lists four causes of action: (1) Quiet Title pursuant to Nevada Revised Statutes ("NRS") section 40.010 (against Rodriguez); (2) Violation of 15 U.S.C. § 1692e (against Noteworld); (3) Violation of 15 U.S.C. § 1692f (against Noteworld); and (4) Violation of NRS section 598.0915 (against Noteworld). Noteworld removed and has now moved to dismiss, or in the alternative, for summary judgment.

## II.     LEGAL STANDARDS

### A.     Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, a court takes all material allegations as true and construes them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the

complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend.  The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**B.     Rule 56(c)**

The Federal Rules of Civil Procedure provide for summary adjudication when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable

jury to return a verdict for the nonmoving party. *See id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis:

> When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case.

*C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties'

differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III.   ANALYSIS

#### A.   15 U.S.C. § 1692e

Plaintiff cites "15 U.S.C. § 1692(e)," which states "It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). This section does not itself create any duties for debt collectors or indicate which right Plaintiff intends to vindicate as against Defendant. Plaintiff has cited this statute in error, intending to cite to § 1692e.

Defendant first argues that Plaintiff does not identify which subsection of § 1692e he alleges Defendant to have violated. Section 1692e lists sixteen kinds of potential violations. *See* § 1692e(1)–(16). A cursory comparison of the statute to the FAC shows that Plaintiff alleges a

violation of subsection 1692e(2), which makes it a violation for a debt collector to make a "false representation of . . . the character, amount, or legal status of any debt . . . ." § 1692e(2)–(2)(a). Plaintiff alleges that Defendant, by sending Plaintiff notices of eight-year-old late fees, of which he had not been previously notified, and which he disputes, "made false representations about the character, amount, and/or legal status of the alleged debt." (FAC ¶ 31).

Second, Defendant argues that it is not a "debt collector" under the statute because "[t]he term does not include . . . any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (iii) concerns a debt which was not in default at the time it was obtained by such person . . . ." § 1692a(6)(F)(iii). Defendant argues that the notes were not in default when it acquired them in 2000. Plaintiff affirmatively alleges that he "made his payments to Defendant Noteworld rigorously and on-time throughout the history of the note payments." (FAC ¶ 16). Of course, this does not foreclose the possibility that the notes were in default when Defendant acquired them. It is possible there was a pre-existing delinquency that Defendant chose not to pursue until 2008. Still, Plaintiff makes no such allegation. Because this defect could be cured by amendment, the Court dismisses this cause of action with leave to amend.

**B.     15 U.S.C. § 1692f**

Plaintiff erroneously cites "15 U.S.C. § 1692(f)," which does not exist. Section 1692f, to which Plaintiff undoubtedly means to cite, lists eight kinds of potential violations. *See* § 1692f(1)–(8). Again, Defendant first argues that Plaintiff does not identify which section of the code he alleges Defendant to have violated. But again, a cursory comparison of the statute to the FAC shows that Plaintiff alleges a violation of subsection 1692f(1), which makes it a violation for a debt collector to "collect[] . . . any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the

agreement creating the debt or permitted by law." § 1692f(1).  Plaintiff alleges that Defendant "collected alleged late fees on several occasions from Plaintiff which were not expressly authorized by any agreement or permitted by law." (FAC ¶ 39).

Second, Defendant again argues that it is not a "debt collector" under the statute.  For the same reason that the Court dismisses the cause of action under § 1692e with leave to amend, it dismisses the cause of action under § 1692f with leave to amend.

### C. NRS 598.0915

Section 598.0915 defines sixteen kinds of potential violations constituting "deceptive trade practices." *See* Nev. Rev. Stat. § 598.0915(1)–(16).  Again, Defendant argues that Plaintiff does not identify which section of the code he alleges Defendant to have violated.  Unlike the federal causes of action, however, none of the sixteen kinds of potential violations under this statute are plausibly implicated by the FAC.  The FAC alleges that Defendant attempted to collect, and did collect, late fees that were not authorized by law or agreement. (FAC ¶¶ 47–48).  But section 598.0915 only regulates sales, leases, business disparagement, advertising, and applications for credit. *See* § 598.0915(1)–(16).  It does not regulate debt collection.  The Court dismisses this cause of action with leave to amend.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 5) is GRANTED with leave to amend.

DATED this 9th day of August, 2010.

_____
Gloria M. Navarro
United States District Judge